IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Tom Mahoney, individually and on
behalf of a class,

    Plaintiff,    CA No.: _____

v.

TT of Pine Ridge, Inc.,    Class Action
             Jury Demanded

    Defendant.

_____/

**PLAINTIFF TOM MAHONEY'S
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Tom Mahoney ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the

prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

3. The TCPA prohibits calls to a cell phone made with an auto dialer or with an artificial or prerecorded voice unless prior express consent is given.

4. TT of Pine Ridge, Inc. ("**Defendant**") made a series of telemarketing calls to Plaintiff's cell phone beginning in 2016.

5. Defendant called Plaintiff's cell phone using an automatic telephone dialing system ("**ATDS**") and a prerecorded voice. Because Plaintiff had not given his consent to receive these telemarketing robocalls calls from Defendant, these calls violated the TCPA.

6. This is the exact scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

7. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds or thousands of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

8. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

9. Plaintiff is a resident of Florida.

10. Upon information and belief Defendant is a limited liability company with an address of 505 South Flagler Drive, Suite #700, West Palm Beach, Florida 33401. Defendant is the owner and operator of Naples Nissan. Naples Nissan is a fictitious name registered and used by Defendant.

### Venue

11. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

12. Venue is proper because the Defendant is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction.

### Article III Standing

13. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc. v. Robins,* --- S.Ct. ---, 2016 WL 2842447, at *5 (U.S. May 16, 2016).

14. Plaintiff was harmed by Defendant's actions of calling his cell phone without consent and with an ATDS and/or a prerecorded voice in the following manners:

    a. Plaintiff's privacy was invaded by Defendant;

    b. Plaintiff was harassed and abused by Defendant's telephone calls;

    c. Defendant's calls were a nuisance to Plaintiff;

    d. Plaintiff's cell phone was unavailable for other use while processing the illegal calls from Defendant;

    e. Defendant illegally seized Plaintiff's cellular telephone line while it made illegal calls to Plaintiff's cellular telephone;

    f. Plaintiff's cellular telephone line was occupied by multiple unauthorized calls from Defendant;

    g. Defendant's seizure of Plaintiff's cellular telephone line was intrusive; and

    h. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his cell phone ring and having to check the calling party.

### The Telephone Consumer Protection Act

15. Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and

facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robo-calls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

16. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

17. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robo-calls"), finding:

> [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
> . . . .
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . . is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

### The TCPA bans autodialer and pre-recorded voice calls to cell phones

18. The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

19. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. Section 227(b)(1)(A)(iii) also prohibits the use of artificial or prerecorded voices in a call to a wireless number in the absence of an emergency or the prior express consent of the called party.

20. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

## Factual Allegations

### Defendant placed telemarketing calls to the Plaintiff

21. Plaintiff is the owner of and user of the cellular telephone number (239) 898-4040. Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number. Each of the telephone calls referenced below were made to Plaintiff's cellular telephone number (239) 898-4040. None of the calls at issue were

placed by Defendant to Plaintiff's cell phone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

22. Beginning in fall of 2016, Plaintiff began receiving prerecorded telemarketing robocalls telephone calls from Defendant.

23. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was encouraging Plaintiff to buy a car from Defendant

24. Plaintiff received approximately him 3-6 of these unsolicited telemarketing robocalls from Defendant. On December 26, 2016 at approximately 12:41 pm Defendant again called Plaintiff's cell phone and using a prerecorded voice played the following prerecorded message[1]:

> Four days left of the giant clearance sale at Naples Nissan off Pine Ridge Rd. in beautiful Naples, Florida exit 107 off 75. That's right 0% for 72 months ends Saturday night 12-31 at 9:00 p.m. 0% for 72 months gives you a payment of 349 per month out the door, not one penny down on a new Ultima or Rogue or lease for 36 months for 279 per month. That's right, take advantage of these last four days of the giant year-end clearance sale at Naples Nissan. Plus, play this message on the showroom floor and get an additional $500 Visa card for just playing the message with your purchase or lease of a new Nissan. We will see you soon, 4 days to go. Thank you for listening. Naples Nissan, giant four-day year-end clearance sale.

25. On information and belief all of the above described calls were placed through an automatic telephone dialing system. Additionally, all of the calls were made with an artificial or prerecorded voice. The calls were placed without the Plaintiff's

---

[1] A digital file of this recording is available for Defendant's review.

prior express written consent. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called on his cellular telephone number.

26. All of the calls were made by Defendant employees or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant.

## Class Action Allegations

27. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

28. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as:

> **all persons who, on or after four years prior to the filing of this Complaint, Defendant, directly or through its employees/agents, called on a cellular telephone line by the use of an automatic telephone dialing system or with an artificial or prerecorded voice and played (i) the same or similar message as received by Plaintiff and as described in paragraph 24; or (ii) any of the previous prerecorded messages (or messages similar thereto) from Defendant received by Plaintiff.[2]**

29. The class as defined above is identifiable through Defendant's phone records and phone number databases.

---

[2] The previous messages will be identified in discovery as Plaintiff no longer has the voicemails of the previous messages. The recipients of any of the messages will also be identified in discovery.

30. <u>Numerosity</u>. Plaintiff does not know the exact number of members in the proposed class, but reasonably believes based on the scale of Defendant's business, and the number of autodialed robo-calls that he received, that the class is so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

31. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

32. <u>Typicality</u>. Plaintiff's claims are typical of the class. On information and belief, the same or similar telemarketing messages were sent to members of the class. Each of the messagaes/calls violated the TCPA in the same manner. Plaintiff and all members of the proposed class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

33. Plaintiff is a member of the class.

34. <u>Commonality</u>. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

a. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

      b.      Whether Defendant or its agents, within the four years before the filing of the initial Complaint, placed calls to cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice without obtaining the recipients' prior express written consent for the call;

      c.      Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions; and

      d.      Whether injunctive relief is appropriate.

35.      The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

36.      Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  Class members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each class member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices under the TCPA. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single action.

37. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Causes of Action

### Count One:

**Violation of the TCPA's provisions prohibiting autodialer and artificial or prerecorded message calls to cell phones**

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. The Defendant violated the TCPA by initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone number assigned to a cellular telephone service without prior express consent. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

42. The Defendant's violations were negligent or knowing/willful.

## Count Two:

## Injunctive relief to bar future TCPA violations

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

45. The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

## Relief Sought

46. For himself and all class members, Plaintiff requests the following relief:

   a. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA;

   b. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

   c. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the class;

   d. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law;

e. That the Plaintiff recover his attorneys' fees and costs; and

f. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated this 9th day of January, 2017.

**Respectfully submitted,**     By:   */s/ Brandon J Hill*
                                      Brandon J. Hill
                                      Florida Bar Number: 37061

**Wenzel Fenton Cabassa, PA.**

1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct No.: 813-337-7992
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com


Chris R. Miltenberger

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

*Pro Hac Vice Application Pending*

**Attorneys for Plaintiff**