# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-80029-CV-MIDDLEBROOKS/BRANNON

Tom Mahoney, individually and on
behalf of a class,

                  Plaintiff,

v.

TT of Pine Ridge, Inc.,

                  Defendant.

_____/

### PLAINTIFF'S MOTION FOR GOOD CAUSE TO MODIFY THE PRETRIAL SCHEDULING ORDER REGARDING PLAINTIFF'S EXPERT WITNESS DESIGNATION DEADLINE AND SUPPORTING MEMORANDUM OF LAW

Tom Mahoney ("**Plaintiff**"), pursuant to Fed. R. Civ. P. 16(b)(4), respectfully moves to amend Plaintiff's expert witness deadline set forth in the Pretrial Scheduling Order and Order Referring Case to Mediation (ECF No. 19; "**Scheduling Order**") and requests that the Scheduling Order be amended to set May 1, 2017 as the new due date for Plaintiff's expert witness deadline.

### BACKGROUND AND REQUEST TO EXTEND

1.      Plaintiff filed this putative class action under the Telephone Consumer Protection Act, Pub. L. No. 102-243, 105 Stat. 2394, codified as amended at 47 U.S.C. § 227 ("**TCPA**"), on January 9, 2017. Plaintiff alleges he and the putative class members received improper telephone solicitations from Defendant.

2.      Plaintiff alleges that he received unsolicited telemarketing robocalls from Defendant, including the following pre-recorded solicitation voicemail on his cellular phone:

a.   "Four days left of the giant clearance sale at Naples Nissan off Pine Ridge Rd. in beautiful Naples, Florida exit 107 off 75. That's right 0% for 72 months ends Saturday night 12-31 at 9:00 p.m. 0% for 72 months gives you a payment of 349 per month out the door, not one penny down on a new [A]ltima or Rogue or lease for 36 months for 279 per month. That's right, take advantage of these last four days of the giant year-end clearance sale at Naples Nissan. Plus, play this message on the showroom floor and get an additional $500 Visa card for just playing the message with your purchase or lease of a new Nissan. We will see you soon, 4 days to go. Thank you for listening. Naples Nissan, giant four-day year-end clearance sale." ECF No. 1, ¶ 16.

3.      The voicemail is evidenced by the following screenshots from Plaintiff's cell phone.





4.      The case is set for trial on September 18, 2017.

5.      On January 30, 2017, the Court granted Defendant's motion to extend it response date to February 17, 2017.

6.      On February 16, the Court held a Rule 16 scheduling conference.  At the conference the Court granted Defendant's ore tenus motion to have until February 21, 2017 to respond to the Complaint.

7.      On February 17, 2017, the Court entered the Scheduling Order which established the following deadlines, among others:

    a.   Discovery Plan shall be filed by March 2, 2017; and

    b.   Plaintiff's Expert Witness deadline of April 3, 2017.

8.      Defendant filed an answer on February 21, 2017.

9.      On February 18, 2017 Plaintiff requested via email to Defendant's counsel that the Rule 26 scheduling conference be held "as soon as possible."

10.    Defendant's counsel was not available for the Rule 26 conference until March 1, 2017, on which date the conference was held.

11.    Plaintiff served Plaintiff's First Set of Discovery Requests to Defendant on March 1, 2017 after the conclusion of the Rule 26 conference.

12.    Defendant's response date on the discovery requests is March 31, 2017.

13.    Defendant takes the position that the voicemails it left for Plaintiff and the putative class members are not subject to the TCPA. *See*, ECF No. 23, Joint Discovery Plan, p. 4.[1]

14.    Thus, this case involves a technical analysis of the technology used by Defendant to leave prerecorded voicemails for Plaintiff and the putative class members. Plaintiff does not have sufficient time after the receipt of discovery responses to hire an expert to analyze the technology used by Defendant.

15.    Plaintiff now asks that the Court reasonably extend the deadline for filing designating Plaintiff's expert witnesses.[2] Plaintiff requests that the deadline be extended to May 1, 2017, which is a 28-day extension.

16.    Plaintiff makes this request to allow Plaintiff sufficient discovery to

---

[1] Although Plaintiff alleges and believes that the prerecorded marketing voicemails left by Defendant are a clear violation of the TCPA, he will not be able to address the specifics of the technology used by Defendant to dial the cell numbers and leave the voicemails until he receives discovery responses from Defendant.

[2] Plaintiff recognizes and agrees that Defendant's deadline to designate expert witness should be appropriately extended as well.

properly retain his expert witnesses. The extension will allow Plaintiff to conduct discovery on the technology used by Defendant and to brief the issue of the application of the TCPA to the prerecorded messages left by Defendant.

17.     Plaintiff has proceeded as quickly as possible and has not delayed in seeking the information he needs to retain an expert witness.

18.     Plaintiff makes the request for a 28-day extension on the assumption that Defendant will appropriately respond to the discovery. To the extent Defendant objects to the discovery requests and prohibits Plaintiff from timely receiving the information necessary to retain an expert, Plaintiff reserves the right to further request additional time to designate expert witnesses.

19.     Additionally, in a conference on March 28, 2017 Defendant's counsel stated that they will be seeking a protective order which will allow it to not respond to Plaintiff's First Set of Discovery Requests to Defendant. Defendant will also be filing a motion to stay all proceedings in this case pending an application to the Federal Communications Commission to be filed by a third-party or Defendant.  Defendant will also file an alternative motion for summary judgment and request to limit discovery to the summary judgment issues.

20.     If any of Defendant's motions are granted or Defendant does not answer discovery because of the filing of the motions, Plaintiff will request an additional postponement of his expert witness designation deadline.

21.     Plaintiff submits that neither party will be prejudiced by this request.

22.     A proposed Order to grant the extension is attached.

### MEMORANDUM OF LAW

## I.    LEGAL STANDARD

The Scheduling Order states that the "schedule shall not be modified absent compelling circumstances." Plaintiff submits that "compelling circumstances" exist and that the request to extend is reasonable. Additionally, Rule 16(b) requires that a court enter a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1), (b)(3)(A). Such orders "control the course of the action unless the court modifies it," Fed. R. Civ. P. 16(d), and may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause requires a showing that the schedule cannot be met despite the diligence of the party seeking the extension. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 Advisory Committee's Note).

Of equal import to the pretrial process and effective case management is Federal Rule of Civil Procedure 26(a)(2)'s expert disclosure requirements. " 'Disclosure of expert testimony within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.' " *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (quoting Fed. R. Civ. P. 26(a)(2)(B)). The expert report must also contain the following:

(ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

The deposition of an expert may only occur after a complete expert report is provided. *See* Fed. R. Civ. P. 26(b)(4)(A). In this case, good cause exists for a short 28-day extension to Plaintiff's current expert disclosure deadline of April 3, 2017 until May 1, 2017 for the reasons set forth herein.

## A.  Plaintiff has diligently pursued discovery.

As explained above, from the inception of this case Plaintiff has diligently prosecuted his claims, beginning with his initial February 18, 2017 request via email to Defendant's counsel that the Rule 26 scheduling conference be held "as soon as possible."

Although Defendant's counsel was not available to conduct the conference until March 1, 2017, which precluded Plaintiff from beginning discovery for a few weeks, ***immediately*** following the Rule 26 conference Plaintiff served his first round of written discovery, making Defendant's responses due March 31, 2017. However, the March 31, 2017 deadline for Defendant to respond to Plaintiff's written discovery is only three days before Plaintiff's current expert disclosure deadline of April 3, 2017, two which of which are a Saturday and Sunday. Plaintiff respectfully submits that even if Defendant provides Plaintiff with ***every*** document requested, and fully answers

without objection every interrogatory served, Plaintiff will not have enough time for his expert to complete an entire expert report by the current April 3, 2017 deadline.

Further, given the dramatically different positions the Parties have taken in this case as to what constitutes a phone call giving rise to liability under the TCPA, Plaintiff anticipates Defendant will likely object to at least some of Plaintiff's written discovery requests. Indeed, if the current Plaintiff expert discovery deadline is not extended, any objections by Defendant would preclude Plaintiff's expert from utilizing the information sought in the requests, regardless of whether the objections have merit. Plaintiff is requesting an expert deadline of May 1, 2017 to help ensure he is provided with the discovery his expert needs while also building in a "buffer" that will allow the parties to ask the Court to resolve any disputes over Plaintiff's written discovery requests.

**B. Defendant will not be prejudiced or harmed by the extension.**

Defendant will not be prejudiced by the extension of the deadline to disclose expert reports. Indeed, Defendant will gain an unfair litigation advantage if the deadline is not extended, as Plaintiff will be deprived of the ability to provide his expert with all relevant documents necessary for formulation of his/her opinions.

**C. Plaintiff will be prejudiced if the Scheduling Order is not modified.**

Without question, Plaintiff will be prejudiced if he cannot provide his expert with a description of the technology used to send the voicemails and the documents which are the subject of his discovery requests. Where a party is deprived of the use

of discoverable information, an extension of the expert report disclosure deadline is appropriate. *See, e.g., Gevinson v. Unum Life Ins. Co. of Am.*, 6:10-CV-3-ORL-19KRS, 2011 WL 767414 (Unreported) (M.D. Fla. Feb. 28, 2011) (finding good cause existed to extend expert report disclosure deadline where documents requested by the moving party which were necessary for their expert's peer review and analysis had not been produced).

Here, despite his diligence in pursuing discovery responses, Plaintiff cannot meet the current schedule for export reports due to his inability to provide any discovery from Defendant to his expert until just three days before the current expert deadline. Additionally, in all likelihood a Rule 30(b)(6) deposition will be necessary. If Defendant does raise objections to the written discovery served by Plaintiff, and the Parties become involved in a discovery dispute, the deadline may need to be extended further.

In sum, in this case experts will play a critical role in helping both the Court and -- should the case proceed to trial -- a jury understand both side's case. Defendant takes the position that the voicemails it left for Plaintiff and the putative class members are not subject to the TCPA. *See*, ECF No. 23, Joint Discovery Plan, p. 4. Plaintiff, obviously, disagrees. Therefore, as stated above, a technical analysis of the technology used by Defendant to leave prerecorded voicemails for Plaintiff and the putative class is absolutely critical to the prosecution of Plaintiff's claims. Giving Plaintiff's expert only three days to fully analyze, draft, edit, and finalize a comprehensive expert report

on the complex issues in this case is simply not enough time.  *See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir.1998) ("The good cause standard precludes modification **unless the schedule cannot be met despite the diligence of the party seeking the extension**.") (Emphasis added). Further, the short 28-day extension sought by Plaintiff will cause no prejudice to Defendant, and will not require any drastic changes to the remainder of the Court's Scheduling Order.

For these reasons, Plaintiff has satisfied the good cause and compelling circumstances requirements for modification of the case management and scheduling order and the Court should extend his expert disclosure deadline until May 1, 2017.

## Rule 7.1(a)(3) Conference

On March 28, 2017 Chris Miltenberger, counsel for Plaintiff, conferred with Ana Tagvoryan and Harrison Brown, counsel for Defendant.  Defendant does not oppose this motion but believes it is premature in light of the motions Defendant intends to file.

Defendant asked that the following language be included in this certificate. Plaintiff believes it exceeds what is required by the meet and confer rules but will include in an attempt to avoid any further disputes:

> On March 28, 2017 Chris Miltenberger, counsel for Plaintiff, conferred with Ana Tagvoryan and Harrison Brown, counsel for Defendant.  Defendant does not oppose the requested extension, but anticipates that the requested relief is premature and will complicate the current scheduling order such that the parties will need to again request further relief.  Defendant's forthcoming motion to stay will not

be fully briefed by all parties until at least April 21, 2017.  If Defendant's motion is granted and a stay is entered, this deadline will need to be revisited upon the lifting of the stay.  If Defendant's motion is not granted, Plaintiff will likely need to request an additional continuance so that he will have the benefit of full discovery before designating an expert.  Thus, while Defendant is not opposed to a continuance of Plaintiff's deadline for expert disclosure, Defendant requests that this motion be ruled upon subsequent to or simultaneously with Defendant's motion to stay.  Defendant also requests that if the court is inclined to grant this motion before ruling on the Defendant's motion to stay, that Defendant be given a corresponding 28 day extension for disclosure of its experts.

Respectfully submitted by the attorneys for Plaintiff,

By:   _/s/ Brandon J Hill_                 By:   _/s/ Chris R. Miltenberger_
      Brandon J. Hill                           Chris R. Miltenberger
      Florida Bar Number: 37061                 Texas Bar No. 14171200

**Wenzel Fenton Cabassa, PA.**           **The Law Office of Chris R. Miltenberger, PLLC**

1110 North Florida Ave., Suite 300       1340 N. White Chapel, Suite 100
Tampa, Florida 33602                     Southlake, Texas 76092-4322
Direct No.: 813-337-7992                 817-416-5060 (office)
Main No.: 813-224-0431                   817-416-5062 (fax)
Facsimile: 813-229-8712                  chris@crmlawpractice.com
Email: bhill@wfclaw.com

                                         *Admitted Pro Hac Vice*

**Certificate of Service**

I hereby certify that on March 28, 2017 a true and correct copy of the foregoing was filed with Court using the Court's CM/ECF system.  The CM/ECF system electronically served all counsel or parties of record on the Service List below.

                        By:   _/s/ Brandon J. Hill_
                              Brandon J. Hill

Service List

| | |
|---|---|
| Brandon Hill<br>Email: bhill@wfclaw.com<br>Wenzel Fenton Cabassa, PA.<br>1110 North Florida Ave., Suite 300<br>Tampa, Florida 33602<br>Direct No.: 813-337-7992<br>Main No.: 813-224-0431<br>Facsimile: 813-229-8712<br>Attorney for Plaintiff Tom Mahoney | Chris R. Miltenberger<br>chris@crmlawpractice.com<br>The Law Office of Chris R. Miltenberger, PLLC<br>1340 N. White Chapel, Suite 100<br>Southlake, Texas 76092-4322<br>817-416-5060 (office)<br>817-416-5062 (fax)<br><br>Attorney for Plaintiff Tom Mahoney |
| | |
| Paul J. Sodhi<br>PSodhi@BlankRome.com<br>Blank Rome LLP<br>Broward Financial Centre<br>500 East Broward Boulevard<br>Suite 2100<br>Fort Lauderdale, FL 33394<br>Tel.    954.512.1800<br>Fax    854.512.1818<br>Attorneys for Defendant: TT of Pine Ridge, Inc. | Harrison M. Brown<br>HBrown@BlankRome.com<br>Blank Rome LLP<br>2029 Century Park East<br>6th Floor<br>Los Angeles, CA 90067<br>Tel.    424.239.3400<br>Fax.    424.239.3434<br><br>Attorneys for Defendant: TT of Pine Ridge, Inc. |
| | |
| Ana Tagvoryan<br>atagvoryan@blankrome.com<br>Blank Rome LLP<br>2029 Century Park East<br>6th Floor<br>Los Angeles, CA 90067<br>Tel.    424.239.3400<br>Fax.    424.239.3434<br>Attorneys for Defendant: TT of Pine Ridge, Inc. | Patricia E. Lowry<br>patricia.lowry@squirepb.com<br>SQUIRE PATTON BOGGS (US) LLP<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401<br>Telephone: 561-650-7214<br>Facsimile: 561-655-1509<br>Attorneys for Defendant: TT of Pine Ridge, Inc. |