# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-80029-CV-MIDDLEBROOKS/BRANNON

Tom Mahoney, individually and on
behalf of a class,

            Plaintiff,

v.

TT of Pine Ridge, Inc.,

            Defendant.

_____/

### PLAINTIFF'S MOTION TO COMPEL AND OVERRULE RESPONSES
### BY DEFENDANT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Tom Mahoney ("Plaintiff"), pursuant to Fed. R. Civ. P. 37(a) and Local Rule 26.1(h)(2) S.D. Fla., moves this Court for an Order overruling objections by Defendant, TT of Pine Ridge, Inc ("Defendant") and compelling Defendant to provide better and complete responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents. In support thereof, Plaintiff states as follows:

### BRIEF OVERVIEW AND BACKGROUND OF CASE

This is a putative TCPA class action case. TCPA class actions are common. As noted by the court in *Karen S. Little, L.L.C. v. Drury Inns*, at least fifty courts had certified TPCA class actions as of 2010. 306 S.W.3d 577, 584 n. 5 (Mo. Ct. App. 2010); *see also Ira Holtzman, C.P.A. & Assoc. Ltd. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) ("class certification is normal in litigation under §227 [of the TCPA], because the main questions ...are common to all recipients."); *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 699 (S.D. Fla. 2015) ("The facts necessary to establish liability relate to Defendant's common course of conduct"); *Manno v. Healthcare Revenue Recovery Group*, LLC, 289 F.R.D. 674, 690 (S.D. Fla 2013) ("there are no prickly individualized questions").

In this case. Plaintiff received at least four robocalled prerecorded telemarketing messages on his cell phone number xxx-xxx-4040 from Defendant. Because he had not consented to receiving these messages he is suing Defendant for violations of the Telephone Consumer Protection Act's ("**TCPA**"), Pub. L. No. 102-243, 105 Stat. 2394, codified as amended at 47 U.S.C. § 227. Plaintiff files this putative class action lawsuit suit on behalf of all those that received similar robocalled prerecorded telemarketing messages.   Ironically, even Plaintiff's 14-year old daughter who does not drive, and certainly is not looking to buy a car, received the same robocalled prerecorded telemarketing messages on her cell phone. In fact, before Defendant took its Facebook site down, other people also complained and left comments regarding Defendant's robocalled prerecorded telemarketing messages.

Stratics Networks, Inc ("Stratics Networks"), the company whose technology Defendant used to send the offending robocalled prerecorded telemarketing messages, specifically warned Defendant and its marketing consultant, All About The Message, LLC ("AATM") not to send the messages to anyone who did not consent to their receipt. As a condition of using Stratics Networks' technology a marketer such as Defendant must agree to "not send any sales outbound broadcasts to recipients that have not consented to receiving such a broadcast." Defendant ignored this warning and violated the condition of use.

Faced with a putative class action TCPA lawsuit, Defendant now refuses to answer basic discovery questions, or produce even the most basic of documents, about the class size and how it obtained the cell phone numbers at issue.  It appears Defendant simply purchased a list of cell numbers and began blasting away. Plaintiff had no prior business connection with Defendant and did not provide his cell phone number to Defendant or give his express written consent to receive the telemarketing messages.  Neither did his 14-year old daughter.

Instead, of responding to Plaintiff's class-related discovery, Defendant has instead attempted to convince the Court that despite its express promise to the vendor of the technology, and despite the fact

that Defendant admits that it left prerecorded messages on Plaintiff's cell phone voicemail, Defendant is using "backdoor" technology to directly access Plaintiff's and the putative class members voicemails which, according to Defendant's erroneous logic, is somehow not a violation of the TCPA.  Simply put, Defendant is wrong.  More importantly for purposes of this Motion, Plaintiff is entitled to the basic discovery he is seeking in the forms of requests for production and in interrogatories.  Defendant has access to the information and it should be produced so as to allow Plaintiff to properly prosecute his claims, and seek class certification.  Although much of the information needed to support Plaintiff's forthcoming Rule 23 Motion will come from deposition testimony, both from Defendant's own witnesses, the vendor and creator of the technology, and the Parties' experts, Plaintiff is also entitled to written discovery responses.

Thus, Plaintiff respectfully requests that this Honorable Court grant this Motion, overrule Defendant's objections, and Order Defendant to provide the discovery sought.  Importantly, Plaintiff is not asking for fees, costs, or sanctions of any kind.  Rather, Plaintiff merely asks that the Court allow Plaintiff (and Defendant) to litigate this case on the merits, which necessitates a fair and thorough discovery process.

## **MEMORANDUM OF LAW**

### I.    **Legal Standard.**

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688-89 (S.D. Fla. 2011). The Supreme Court has long held that Plaintiffs are entitled to class discovery. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978). Thus, "[d]iscovery into issues relevant to class certification is warranted and permissible." *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 138291, * 5-6 (M.D. Fla. 2015), *citing Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("precedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond

the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified").

> A.      **Defendant's General Objections to both Plaintiff's Interrogatories and Requests for Production Should be Overruled.**

On March 1, 2017, Plaintiff served interrogatories and requests for production on Defendant, each of which sought relevant discovery to Plaintiff's and the putative class's claims against Defendant. A copy of Plaintiff's First Discovery Requests to Defendant and Defendant's objections and responses are attached as Exhibits A, B and C, respectively.   As a threshold matter, the first problem with Defendant's responses are the "General Objections" which precede each of the other specific objections raised as to each interrogatory and each request for production.  This Court, as well as many others, disfavors "general objections" that fail to discuss deficiencies in specific discovery requests. *See, e.g., Puccio v. Sclafani*, No. 12-61840, 2013 U.S. Dist. LEXIS 113273, at *3 (S.D. Fla. Aug. 12, 2013).  Such objections do not comply with Local Rule 26.1(g)(3)(A) which provides, "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."  Defendant's "General Objections" merely allege Defendant objects to responding to the interrogatories and requests for production because: 1) it filed a motion to stay discovery and is seeking a protective order, neither of which have been granted; 2) the information sought is somehow "outside the scope of Defendant's pending Motion for Summary Judgment"; 3) the information sought is somehow outside the scope of a petition pending before the Federal Communications Commission; 4) Defendant objects to Plaintiff's definition of "class members" in interrogatories, 2, 3, and 12, and requests 2, 4, 7-8, 15-16, 18-20, 22, 26, 28, 34-43, 45-47, and 50; and, finally 5) Defendant objects to Plaintiff's definition of "telephone calls" in interrogatories 1, 7, 9, and 12, and requests for production 5, 7, 15-16, 19-22, 26, 35, and 37-46. But, as demonstrated below, not a single one of these "general objections" provides any legal basis for withholding discovery from Plaintiff.

First, there is no protective order or discovery stay in place.  This moots the first general objection entirely.  Second, Defendant's contention that Plaintiff's discovery must be confined only to those issues it raised in its premature summary judgment motion is a borderline frivolous objection. There are no rules or cases of which Plaintiff is aware that would limit discovery in such a ridiculous manner.  Why would Plaintiff only be permitted to do discovery on what Defendant has decided to ask for summary judgment on?  By this logic, if Defendant never moved for summary judgment Plaintiff would not be entitled to any discovery.  This objection by Defendant is not well-reasoned and should be rejected outright.

Third, the mere fact that *after* this lawsuit was filed a petition with the FCC was filed has no bearing on Plaintiff's entitlement to discovery in this lawsuit.  The FCC may or may not rule on the petition.  The FCC petition process can take years.  To rob Plaintiff of his inability to conduct discovery while the FCC accepts comments and analyzes the recently filed petition would be highly prejudicial and essentially bring this case to a standstill.  Plaintiff would not be able to meet any of the Court's deadlines, much less prepare for trial.  Fourth, Defendant's general objection to Plaintiff's definition of the "Class" has nothing whatsoever to do with whether Plaintiff is entitled to conduct discovery.  Whether Plaintiff's class definition is appropriate, or not, is a fight for another day, namely during the class certification briefing.

Similarly, and finally, Defendant's fifth general objection, which rests on Plaintiff's definition of the "Telephone calls," also has nothing whatsoever to do with whether Plaintiff is entitled to conduct discovery.  Certainly, the mere fact that Defendant disagrees with a definition of the phrase "telephone call" does not preclude Plaintiff from conducting discovery, particularly in a TCPA case.  If the opposite were true, all a Defendant in any TCPA case would need to do to avoid discovery and, possibly, liability, is simply object to how Plaintiff described "telephone calls".  Such an absurd result runs contrary to everything both the Federal Rules of Civil Procedure permitting discovery -- and the remedial purposes

of the TCPA -- stand for.  For these reasons, the Court should overrule each of Defendant's "General Objections".

## II.      Discovery of Classwide Data is Routine and Necessary in TCPA Cases.

This is a putative class action TCPA case.  By or before the Court's deadline to do so, Plaintiff will seek class certification under Rule 23.  Both Plaintiff's interrogatories and requests for production are aimed at collecting the necessary information to prosecute Plaintiff's claims and pursue class treatment.  Indeed, "[t]he purpose of class discovery is to determine who constitutes the members of the class." *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel interrogatory asking defendant to identify class members). Thus, in TCPA cases like this one, courts have routinely ordered Defendants to identify persons who received the calls at issue. *See Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer.)  As the court stated in *Gilman v. ER Solutions*, "Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests [Helloworld] opposes." 2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012).[1]

## III.     INTERROGATORY AT ISSUE.

### INTERROGATORY NO. 2:

2.   Identify all RVM Messages delivered to the potential Class Member's respective voicemail

---

[1] *See Donnelly v. NCO Financial Sys.*, 263 F.R.D. 500, 504 (N.D. Ill. 2009) (ruling that "discovery aimed at ascertaining a potential class list is proper" and ordering Defendant to produce records of calls to class members in TCPA action); *Stemple v. QC Holdings, Inc.*, No. 12-cv-1997, 2013 U.S. Dist. LEXIS 99582 at *6 (S.D. Cal. June 17, 2013) ("A request for an outbound dial list in a TCPA action is relevant to class certification issues, such as 'the number and ascertainability of potential class members.'"); *Gaines v. Law Office of Patenaude & Felix, A.P.C.*, No. 13-cv-1556, 2014 U.S. Dist. LEXIS 110162 at *5 (S.D. Cal. June 12, 2014) ("the outbound dial list is relevant to the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable.").

inboxes during the Relevant Time Period. A complete answer will include at least the following:

(a)    Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers);

(b)    Information for the RVM Messages themselves, including the phone number called to make the alleged server-to-server connection and the date and time of the communication;

(c)    The identity of all of the dialers and dialing systems or equipment you used, or that any individual or entity used to deliver the RVM Message including the make, model, and physical location of the dialer or equipment, and specify how the equipment was used to initiate the communications referred to in this interrogatory number 2.

(d)    The message script of the RVM Messages; and

(e)    The identity of the source(s) where you (and any company you work with) obtained the contact information, including telephone number, of the individual for whom the RVM Message was left and an explanation of the facts and circumstances surrounding the manner in which you received such contact information.

**RESPONSE TO INTERROGATORY NO. 2**:

Defendant objects to this Interrogatory on the grounds that the Interrogatory is overly broad and unduly burdensome as it seeks information related to lawful calls that are not relevant to this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.  The TCPA does not apply to Plaintiff's claims. Defendant used direct to voicemail insertion technology to deposit voicemail messages on Plaintiff's voicemail service without ever dialing Plaintiff's cellular telephone number. As explained in Defendant's motion to stay, discovery on topics called for in this Interrogatory, including class discovery, may be mooted by a ruling on the Petition currently pending before the FCC and/or Defendant's motion for summary judgment on the issue of whether direct-to-voicemail communication systems make "calls" under the TCPA and whether voicemail services are regulated by the TCPA and FCC, and is thus premature. This Interrogatory also seeks information identifying voicemail recipients, which is not only private, but the burden and expense of class-wide discovery in the face of the legal issue described herein outweighs any purported benefit or need. Defendant also objects to the Interrogatory to the extent that it would require Defendant to disclose confidential, proprietary, and/or non-public information without a protective order or confidentiality agreement in place. Moreover, to the extent that the Interrogatory seeks an itemization of information (a) through (e), it is compound and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, Defendant transmitted four voicemail messages to the server of Plaintiff's voicemail service provider using the proprietary software developed by Stratics and distributed by AATM, on the following dates: November 8, 2016; November 22, 2016; November 24, 2016; December 28, 2016.  Absent further direction from the Court, and based upon its objections, Defendant will not provide a further response at this time.

## **ARGUMENT**

Defendant's sprawling objections are without merit.  The requested discovery is relevant for class certification purposes. Identities of putative class members, information for the RVM Messages themselves, including the phone number called to make the alleged server-to-server connection and the date and time of the communication used by Defendant, contact information, the identity of all of the dialers and dialing systems or equipment used to deliver the RVM Message including the make, model, and physical location of the dialer or equipment, and a description of how the equipment was used to initiate the communications referred to in this interrogatory are unquestionably reasonably calculated to lead to relevant information regarding class certification, as is message script of the RVM Messages.

Furthermore, Plaintiff needs and is entitled to discovery on the identity of the source(s) Defendant obtained the contact information of Plaintiff, his daughter, and the other putative class members, including their telephone numbers, for all individuals for whom the RVM Message were left.  Plaintiff is also entitled to an explanation of the facts and circumstances surrounding the manner in which Defendant received such contact information.  *See e.g. Stemple*, 2013 U.S. Dist. LEXIS 99582 at *6 ("A request for an outbound dial list in a TCPA action is relevant to class certification issues, such as 'the number and ascertainability of potential class members.'"); *Gaines*, 2014 U.S. Dist. LEXIS 110162 at *5 ("the outbound dial list is relevant to the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable.")

Indeed, this information is necessary for Plaintiff to obtain evidence supporting numerosity, commonality, and typicality. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, (1997) (discussing Rule 23prerequisites for class actions). It is also relevant in determining the predominance and superiority factors for class actions. *See id*. at 615; *see also Aldapa v. Fowler Packing Co*., 310 F.R.D. 583, 587-588, (E.D. Cal. 2015).  Defendant should not be allowed to refuse to identify the class in response

to the interrogatories, and at the same time refuse to produce the records that would allow Plaintiff to identify the class instead. *See Whiteamire Clinic, P.A., Inc. v. Quill Corporation*, 2013 U.S. Dist. LEXIS 136819 at *9 (N.D. Ill. Sept. 24, 2013) (TCPA class action) ("the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.")

IV.    **REQUESTS FOR PRODUCTION AT ISSUE.**

**REQUEST FOR PRODUCTION NO. 2:**

2.    Each contract or contractual agreement between Defendant and any entity that provided phone numbers of potential Class Members to Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request on the grounds that it is overly broad, vague and ambiguous, and seeks irrelevant information to the extent the definition of the term "Class Member" covers individuals other than those who received marketing voicemail messages sent directly to voicemail service providers. Moreover, this Request is not limited to the Plaintiff but rather seeks class discovery, and the burden and expense of class-wide discovery in the face of the legal issue described herein outweighs any purported benefit or need. As explained in Defendant's motion to stay, this case may be mooted by a ruling on the legal issue presented in the Petition currently pending before the FCC and/or Defendant's dispositive motion on the issue of whether direct-to-voicemail communication systems make "calls" under the TCPA and whether voicemail services are regulated by the TCPA and FCC, and whether Plaintiff has Article III standing to pursue his claims in this Court. Defendant also objects to the Request to the extent that it would require Defendant to produce confidential, proprietary, and/or non-public information, without an agreed-upon protective order and/or the consent of interested third parties. In light of the foregoing objections, and absent direction from the Court, Defendant will not produce any documents at this time.

**ARGUMENT**

This objection by Defendant is absolutely devoid of merit.  As a threshold matter, it merely seeks all "contract[s] or contractual agreement between Defendant and any entity that provided phone numbers of potential Class Members to Defendant."  How or why producing a contract between a vendor is somehow overly burdensome or is somehow prohibited by Article III makes no sense.  Furthermore, although this particular request does not actually seek class discovery, Plaintiff is

entitled to class discovery anyway.  Indeed, "[t]he purpose of class discovery is to determine who constitutes the members of the class." *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel interrogatory asking defendant to identify class members). Thus, in TCPA cases like this one, courts have routinely ordered Defendants' to identify persons who received the calls at issue. *See Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer.)  As the court stated in *Gilman v. ER Solutions*, "Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests [Helloworld] opposes." 2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012).  Certainly, if Plaintiff is entitled to class wide discovery, he is entitled to discovery on contracts between Defendant and any entity that provided phone numbers of potential Class Members to Defendant.  Frankly, it appears that Defendant simply plugged in an objection from a prior response that really does not address the individual requests for the contractual documents at issue in this request.  Thus, this objection should be overruled and the contracts produced.

## REQUEST FOR PRODUCTION NO. 4:

4.      All documents related to the manner in which Defendant obtained the telephone numbers of the potential Class Members.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Defendant objects to this Request on the grounds that it is overly broad, vague and ambiguous, and seeks irrelevant information to the extent the definition of the term "Class Member" covers individuals other than those who received marketing voicemail messages sent directly to voicemail service providers. Moreover, this Request is not limited to the Plaintiff but rather seeks class discovery related to consent, and the burden and expense of class-wide discovery in the face of the legal issue described herein outweighs any purported benefit or need.

As explained in Defendant's motion to stay, this case may be mooted by a ruling on the legal issue presented in the Petition currently pending before the FCC and/or Defendant's dispositive motion on the issue of whether direct-to-voicemail communication systems make "calls" under the TCPA and whether voicemail services are regulated by the TCPA and FCC, and whether Plaintiff has Article III standing to pursue his claims in this Court. Defendant also objects to the Request to the extent that it would require Defendant to produce confidential, proprietary, and/or non-public information, without an agreed-upon protective order and/or the consent of interested third parties. In light of the foregoing objections, and absent direction from the Court, Defendant will not produce any documents at this time.

## ARGUMENT

Defendant's sprawling objections are, once again, without merit.  The requested discovery is relevant for class certification purposes. Precisely how putative class members information was obtained, including for the information for the RVM Messages, is unquestionably reasonably calculated to lead to relevant information regarding class certification.

Furthermore, Plaintiff needs and is entitled to discovery on the identity of the source(s) obtained the contact information of Plaintiff, his daughter, and the other putative class members, including their telephone numbers, for all individuals for whom the RVM Message were left.  Plaintiff is also entitled to an explanation of the facts and circumstances surrounding the manner in which Defendant received such contact information.  *See e.g. Stemple*, 2013 U.S. Dist. LEXIS 99582 at *6 ("A request for an outbound dial list in a TCPA action is relevant to class certification issues, such as 'the number and ascertainability of potential class members.'"); *Gaines*, 2014 U.S. Dist. LEXIS 110162 at *5 ("the outbound dial list is relevant to the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a), and is therefore discoverable.")

As stated previously, this information is necessary for Plaintiff to obtain evidence supporting numerosity, commonality, and typicality. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613, (1997) (discussing Rule 23 prerequisites for class actions). It is also relevant in determining the predominance and superiority factors for class actions. *See id.* at 615; *see also Aldapa v. Fowler Packing Co.*, 310 F.R.D. 583, 587-588, (E.D. Cal. 2015).  Defendant should not be allowed to refuse to identify the class in response to the interrogatories, and at the same time refuse to produce the records that would allow

Plaintiff to identify the class instead. *See Whiteamire Clinic, P.A., Inc. v. Quill Corporation*, 2013 U.S. Dist. LEXIS 136819 at *9 (N.D. Ill. Sept. 24, 2013) (TCPA class action) ("the Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.")

## REQUEST FOR PRODUCTION NO. 6:

6.      For each RVM Message identified in your response to Interrogatory No. 2 of Plaintiff's First Set of Discovery to Defendant, produce all documents, data, information materials, testimony and other things that relate to any of the calls, including but not limited to, all call detail records.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Defendant incorporates its objections to Interrogatory No. 2 as though fully set forth herein. Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome in that it fails to sufficiently limit the scope of the information sought to the issues raised in the pleadings of this case. Specifically, this Request is not limited to voicemail messages delivered via a direct-to-voicemail insertion technology, but also includes texts. Plaintiff does not allege he received any text messages from Defendant in his Complaint, nor he does not base any of his legal claim on receiving any text messages. Defendant further objects to this Request on the grounds that the Request is overly broad and unduly burdensome as it seeks information related to lawful calls that are not relevant to this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant did not make any calls using a prerecorded or artificial voice to cell phones. Defendant used direct to voicemail insertion technology to deposit voicemail messages on Plaintiff's voicemail service without ever dialing Plaintiff's cellular telephone number.  As explained in Defendant's motion to stay, discovery on topics called for in this Request, including class discovery, may be mooted by a ruling on the Petition currently pending before the FCC and/or Defendant's motion for summary judgment on the issue of whether direct-to- voicemail communication systems make "calls" under the TCPA and whether voicemail services are regulated by the TCPA and FCC, and is thus premature. This Request also seeks information identifying call, text or voicemail recipients, which is not only private, but the burden and expense of class-wide discovery in the face of the legal issue described herein outweighs any purported benefit or need.  Defendant also objects to the Request to the extent that it would require Defendant

to disclose confidential, proprietary, and/or non-public information without a protective order or confidentiality agreement in place. Moreover, to the extent the Request seeks all documents related to the "Telephone Calls" as defined, it is unduly burdensome and oppressive. In light of the foregoing objections, and absent direction from the Court, Defendant will produce the voicemail drop records as they pertain to Plaintiff.

## ARGUMENT

This objection by Defendant should be overruled with the others.  Plaintiff is entitled to class discovery anyway, including and especially on the RVM Message technology, which is at the heart of this class action lawsuit.  Who received those messages, how it worked, and how many went out is critical for class certification.  "The purpose of class discovery is to determine who constitutes the members of the class." *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel interrogatory asking defendant to identify class members). Thus, in TCPA cases like this one, courts have routinely ordered Defendants' to identify persons who received the calls at issue. *See Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer.)  As the court stated in *Gilman v. ER Solutions*, "Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests [Helloworld] opposes."  2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012).  Certainly, if Plaintiff is entitled to class wide discovery, he is entitled to discovery on the RVM Message technology at issue, and who it was used to contact, and how.

## REQUEST FOR PRODUCTION NO. 7:

7.      All electronically stored information that relates to any Telephone Call  made to the potential Class Members or any RVM Message left for any potential Class Member.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Defendant objects to this Request on the grounds that the definitions of the terms "Telephone Call," and "Class Member" are overbroad and inconsistent with the allegations in the complaint; namely, the Request seeks information related to autodialed calls and text messages that are not at issue in this case. The direct to voicemail technology at issue in this case does not dial cell phones and the voicemail messages are not "calls" under the TCPA. Defendant therefore further objects because, as explained in Defendant's motion to stay, discovery on this topic may be mooted by a ruling on the

Petition currently pending before the FCC and/or Defendant's dispositive motion, and is thus premature. Moreover, this Request seeks electroniclaly stored information relating to calls to Class Members, and as defined and as worded, the burden and expense of collecting, searching and producing class-wide discovery in the face of the legal issue described herein outweighs any purported benefit or need. It also seeks the private information of absent class members and third parties.  In light of the foregoing objections, and absent direction from the Court, Defendant will produce the voicemail drop records as they pertain to Plaintiff.

## ARGUMENT

The same logic as to Defendant's Objection response to request for production #6 applies here. This objection by Defendant should also be overruled with the others.  Plaintiff is entitled to class discovery, including and especially on the RVM Message technology, which is at the heart of this class action lawsuit.  Who received those messages, how it worked, and how many went out is critical for class certification.  "The purpose of class discovery is to determine who constitutes the members of the class." *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel interrogatory asking defendant to identify class members). Thus, in TCPA cases like this one, courts have routinely ordered Defendants' to identify persons who received the calls at issue. *See Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer.)  As the court stated in *Gilman v. ER Solutions*, "Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests [Helloworld] opposes."  2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012). Certainly, if Plaintiff is entitled to class wide discovery, he is entitled to discovery on the RVM Message technology at issue, and who it was used to contact, and how.

## REQUEST FOR PRODUCTION NO. 8:

8.      All documents or electronic files that contain the telephone number(s) of the

potential Class Members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

Defendant objects to this Request on the grounds that the definitions of the term "Class Member" is overbroad and inconsistent with the allegations in the complaint; namely, the Request seeks information related to autodialed calls and text messages that are not at issue in this case. The direct to voicemail technology at issue in this case does not dial cell phones and the voicemail messages are not "calls" under the TCPA. Defendant therefore further objects because, as explained in Defendant's motion to stay, discovery on this topic may be mooted by a ruling on the Petition currently pending before the FCC and/or Defendant's dispositive motion, and is thus premature. Moreover, this Request seeks electronically stored information relating to calls to Class Members, and as defined and as worded, the burden and expense of collecting, searching and producing class-wide discovery in the face of the legal issue described herein outweighs any purported benefit or need. It also seeks the private information of absent class members and third parties. This Request is also overbroad and extends to attorney-client privileged information and documents, including attorney-work product. In light of the foregoing objections, and absent direction from the Court, Defendant will not produce any documents at this time.

**ARGUMENT**

As stated above, "Discovery into issues relevant to class certification is warranted and permissible." *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 138291, * 5-6 (M.D. Fla. 2015), *citing Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("precedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified"). The purpose of class discovery is to determine who constitutes the members of the class." *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel interrogatory asking defendant to identify class members). Thus, in TCPA cases like this one, courts have routinely ordered Defendants' to identify persons who received the calls at issue. *See Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer.) As the court stated in *Gilman v. ER Solutions*, "Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did

not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery

requests [Helloworld] opposes."  2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012).

## REQUEST FOR PRODUCTION NO. 15:

15.     All documents that concern or relate to any Telephone Call made to the potential

Class Members by Defendant or RVM Message left for the Potential Class Members, including but not

limited to, documents showing consent for Defendant to call the potential Class Members or leave a

RVM Message for the potential Class Members.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Defendant objects to this Request on the grounds that the definition of the terms "Telephone Call," and "Class Member" are overbroad and inconsistent with the allegations in the complaint. As such, this Request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff brings claims for alleged autodialed or prerecorded telemarketing calls made to cell phones, yet Defendant did not make any such calls. With respect to "RVM Messages," Defendant used direct to voicemail insertion technology to deposit voicemail messages on Plaintiff's voicemail service without ever dialing Plaintiff's cellular telephone number. Defendant therefore further objects because, as explained  in Defendant's motion to stay, class discovery on this topic may be mooted by a ruling on the Petition currently pending before the FCC and/or Defendant's dispositive motion as they relate to the application of the TCPA to Plaintiff's claims, and is thus premature.  Also, personal identifying information of putative class members is not only private, but the burden and expense of class- wide discovery on this issue in the face of the legal issue described herein outweighs any purported benefit or need.  In light of the foregoing objections, and absent direction from the Court, Defendant will not produce any documents at this time.

## ARGUMENT

Certainly, if Defendant claims that it has consent for some of the putative class members

Plaintiff is entitled to that information, as consent is one of the few defenses available to Defendant

in these type of cases.  Who and how Defendant acquired consent from is absolutely relevant, and

should be produced immediately as it goes directly toward the class definition, who is in the class, and

who is not.  Similarly, information on Telephone Call made to the potential Class Members by

Defendant or RVM Message is discoverable for class certification purposes.  In fact, besides

deposition testimony, this is likely one of the key pieces of evidence/information that the Court will

look to when considering Plaintiff's forthcoming class certification motion.

It is well-established, as repeated above throughout this Motion, that "[d]iscovery into issues relevant to class certification is warranted and permissible." "The purpose of class discovery is to determine who constitutes the members of the class." *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel interrogatory asking defendant to identify class members); *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 138291, * 5-6 (M.D. Fla. 2015), *citing Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("precedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified").

Thus, in TCPA cases like this one, courts have routinely ordered Defendants' to identify persons who received the calls at issue and this, by definition, would include the "information" sought in this request for production. *See Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer.)  As the court stated in *Gilman v. ER Solutions*, "Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests [Helloworld] opposes."  2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012).

### REQUEST FOR PRODUCTION NO. 26:

26.     All archived recordings of the Telephone Calls made to the potential Class Members or RVM Messages left for the potential Class Members.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

Defendant objects to this Request on the grounds that the definition of the terms "Telephone

Call," and "Class Member" are overbroad and inconsistent with the allegations in the complaint. As such, this Request seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff brings claims for alleged autodialed or prerecorded telemarketing calls made to cell phones, yet Defendant did not make any such calls. With respect to "RVM Messages," Defendant used direct to voicemail insertion technology to deposit voicemail messages on Plaintiff's voicemail service without ever dialing Plaintiff's cellular telephone number. Defendant therefore further objects because, as explained in Defendant's motion to stay, class discovery on this topic may be mooted by a ruling on the Petition currently pending before the FCC and/or Defendant's dispositive motion as they relate to the application of the TCPA to Plaintiff's claims, and is thus premature. Also, personal identifying information of putative class members is not only private, but the burden and expense of class-wide discovery on this issue in the face of the legal issue described herein outweighs any purported benefit or need.

Subject to and without waiving the foregoing General and Specific Objections, Defendant states that Defendant will produce any available voicemail message delivered to the server of Plaintiff's voicemail service provider within seven days of service of these Responses. In light of the foregoing objections, and absent direction from the Court, Defendant will not produce any other documents at this time.

## ARGUMENT

Despite making numerous objections, Defendant agrees to produce the voicemail messages it left for Plaintiff. Defendant, however, refuses to produce the voicemails left for the putative class members despite the fact that the voicemails were left in the exact same fashion as those that were left for the Plaintiff. As with the earlier request, this information goes to the issue of class certification. Plaintiff seeks this information to show the Court that the putative class members received the same voicemails in the same fashion as did the Plaintiff.

It is well-established, as repeated above throughout this Motion, that "[d]iscovery into issues relevant to class certification is warranted and permissible." "The purpose of class discovery is to determine who constitutes the members of the class." *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel interrogatory asking defendant to identify class members); *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 138291, * 5-6 (M.D. Fla. 2015), *citing Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("precedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification

is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified").

Thus, in TCPA cases like this one, courts have routinely ordered Defendants' to identify persons who received the calls at issue and this, by definition, would include the "information" sought in this request for production. *See Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer.)  As the court stated in *Gilman v. ER Solutions*, "Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests [Helloworld] opposes."  2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012).

## REQUEST FOR PRODUCTION NO. 43:

43.    Any and all reports generated as part of the normal operation of Defendant regarding the Telephone Calls made to the Class Members or RVM Messages left for the potential Class Members.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

A request for all reports pertaining to "Telephone Calls" and putatitve "Class Members" (as defined) is extremely burdensome, overbroad and oppressive. As a threshold matter, the direct to voicemail technology at issue in this case does not dial cell phones and the voicemail messages are not "calls" under the TCPA. Defendant therefore further objects because, as explained in Defendant's motion to stay, discovery on this topic may be mooted by a ruling on the Petition currently pending before the FCC and/or Defendant's dispositive motion, and this Request is thus premature. Moreover, this Request seeks electronically stored information relating to calls to Class Members, and as defined and as worded, the burden and expense of collecting, searching and producing class-wide discovery in the face of the legal issue described herein outweighs any purported benefit or need. It also seeks the private information of absent class members and third parties. This Request is also overbroad and arguably extends to attorney-client privileged information and documents, including attorney-work product.

In light of the foregoing objections, and absent direction from the Court, Defendant will not produce any documents other than reports generated that reflect voicemail message drops to Plaintiff's wireless voicemail service, if any, within seven days of service of these responses.

**ARGUMENT**

The reports generated with regard to each of the marketing campaigns and the voicemail messages left by Defendant are relevant to the issue of class certification. It is anticipated that the reports will show the number of messages left and the cell phone numbers for which the messages were left.  Plaintiff seeks this information to show the Court that the putative class members received the same voicemails in the same fashion as did Plaintiff.

It is well-established, as repeated above throughout this Motion, that "[d]iscovery into issues relevant to class certification is warranted and permissible." "The purpose of class discovery is to determine who constitutes the members of the class." *Sewell v. D'Alessandro & Woodyard*, 2011 U.S. Dist. LEXIS 38664, *8-9 (M.D. Fla. Mar. 30, 2011) (granting motion to compel interrogatory asking defendant to identify class members); *Griffith v. Landry's, Inc.*, 2015 U.S. Dist. LEXIS 138291, * 5-6 (M.D. Fla. 2015), *citing Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("precedent also counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified").

Thus, in TCPA cases like this one, courts have routinely ordered Defendants' to identify persons who received the calls at issue and this, by definition, would include the "information" sought in this request for production. *See Ossola v. Am. Express Co.*, 2015 U.S. Dist. LEXIS 117531, *23 (N.D. Ill. 2016) (ruling a TCPA case that "call data is relevant, and thus produced as standard practice" where the defendant is the alleged dialer.)  As the court stated in *Gilman v. ER Solutions*, "Class certification cannot fairly be evaluated without information on whether others received automated calls to which they did not expressly consent, and Plaintiffs have no way to gather this information aside from the discovery requests [Helloworld] opposes."  2012 U.S. Dist. LEXIS 190602 at *7 (W.D. Wash. Feb. 3, 2012).

RULE 7.1(A)(3) CONFERENCE

On April 5, 2017 Chris Miltenberger and I, counsel for Plaintiff, conferred with Ana Tagvoryan

and Harrison Brown, counsel for Defendant, on the merits of this motion.  This motion is opposed.

Dated: April 28, 2017                    **Respectfully submitted,**

                                         By:     */s/ Brandon J Hill*
                                                 Brandon J. Hill
                                                 Florida Bar Number: 37061

                                         Email: bhill@wfclaw.com

                                         **Wenzel Fenton Cabassa, PA.**
                                         1110 North Florida Ave., Suite 300
                                         Tampa, Florida 33602
                                         Direct No.: 813-337-7992
                                         Main No.: 813-224-0431
                                         Facsimile: 813-229-8712

                                          By:     */s/ Chris R. Miltenberger*
                                                  Chris R. Miltenberger
                                                  Texas Bar No. 14171200

                                          chris@crmlawpractice.com

                                         **The Law Office of Chris R.
                                         Miltenberger, PLLC**
                                         1340 N. White Chapel, Suite 100
                                         Southlake, Texas 76092-4322
                                         817-416-5060 (office)
                                         817-416-5062 (fax)
                                         *Admitted Pro Hac Vice*

                                         **Attorneys for Plaintiff Tom Mahoney**

                                         **Certificate of Service**

I hereby certify that on April 28, 2017 a true and correct copy of the foregoing was filed with Court
using the Court's CM/ECF system.  The CM/ECF system electronically served all counsel or parties of
record on the Service List below.

                            By:     */s/ Brandon J. Hill*

Service List

| | |
|---|---|
| Brandon Hill<br>Email: bhill@wfclaw.com<br>Wenzel Fenton Cabassa, PA.<br>1110 North Florida Ave., Suite 300<br>Tampa, Florida 33602<br>Direct No.: 813-337-7992<br>Main No.: 813-224-0431<br>Facsimile: 813-229-8712<br>Attorney for Plaintiff Tom Mahoney | Chris R. Miltenberger<br>chris@crmlawpractice.com<br>The Law Office of Chris R. Miltenberger,<br>PLLC<br>1340 N. White Chapel, Suite 100<br>Southlake, Texas 76092-4322<br>817-416-5060 (office)<br>817-416-5062 (fax)<br>Attorney for Plaintiff Tom Mahoney |
| Paul J. Sodhi<br>PSodhi@BlankRome.com<br>Blank Rome LLP<br>Broward Financial Centre<br>500 East Broward Boulevard<br>Suite 2100<br>Fort Lauderdale, FL 33394<br>Tel.     954.512.1800<br>Fax      854.512.1818<br>Attorneys for Defendant: TT of Pine Ridge,<br>Inc. | Harrison M. Brown<br>HBrown@BlankRome.com<br>Blank Rome LLP<br>2029 Century Park East<br>6th Floor<br>Los Angeles, CA 90067<br>Tel.     424.239.3400<br>Fax.     424.239.3434<br>Attorneys for Defendant: TT of Pine Ridge,<br>Inc. |
| Ana Tagvoryan<br>atagvoryan@blankrome.com<br>Blank Rome LLP<br>2029 Century Park East<br>6th Floor<br>Los Angeles, CA 90067<br>Tel.     424.239.3400<br>Fax.     424.239.3434<br>Attorneys for Defendant: TT of Pine Ridge,<br>Inc. | Patricia E. Lowry<br>patricia.lowry@squirepb.com<br>SQUIRE PATTON BOGGS (US) LLP<br>1900 Phillips Point West<br>777 South Flagler Drive<br>West Palm Beach, Florida 33401<br>Telephone: 561-650-7214<br>Facsimile: 561-655-1509<br>Attorneys for Defendant: TT of Pine Ridge,<br>Inc. |