# EXHIBIT 1
# to
# Motion for Approval

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80029-CV-MIDDLEBROOKS/BRANNON

Tom Mahoney, individually and on
behalf of a class,

                Plaintiff,

v.

TT of Pine Ridge, Inc.,

                Defendant.

_____/

## SETTLEMENT AGREEMENT

It is hereby stipulated and agreed by and among the Parties (as defined below), subject to Court approval, that the settlement of this Action (as defined below) shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement.

### I.  RECITALS

1.1 On January 9, 2017, the plaintiff, Tom Mahoney, filed a class action complaint against defendant TT of Pine Ridge, Inc. (d/b/a "Naples Nissan"), in the United States District Court for the Southern District of Florida, Case No. 9:17-80029-CV-DMM (the "Action").  The claims in the Action arise from alleged unsolicited automated and pre-recorded calls and are asserted under the TCPA (as defined below).

1.2 Defendant denies all material allegations of wrongdoing, liability, and damages asserted in the Action.  Nonetheless, given the risks, uncertainties, burden, and expense of continued litigation, the Parties have agreed to settle the Action pursuant to the terms set forth in this Settlement Agreement, subject to Court approval.

1.3 This Settlement Agreement is the result of good faith, arm's-length settlement negotiations during and following mediation under the guidance of Bruce A. Friedman, Esq.  The Parties have exchanged information—through both formal discovery and informal discovery in connection with settlement efforts—and have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions.

1.4　　The Parties understand, acknowledge, and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any of the Parties except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any Party.  The Parties desire and intend to effect a full, complete, and final settlement and resolution of all existing disputes and known and unknown claims as set forth herein.

1.5　　The Parties hereby stipulate and agree that, in consideration of the understandings and promises set forth in this Settlement Agreement, and subject to Court approval, the Action shall be fully and finally settled, and dismissed with prejudice under the following terms and conditions:

## II.　**DEFINITIONS**

As used in this Settlement Agreement and the related documents attached hereto as exhibits, the following terms shall have the meanings set forth below.  The singular includes the plural and vice versa.

2.1　　"Action" means the action captioned:  (1) *Tom Mahoney v. TT of Pine Ridge, Inc.*, Case No. 9:17- 80029-CV-DMM (S.D. Fla.).

2.2　　"Approved Claim" means a Claim made by a Settlement Class Member that the Settlement Administrator, in its discretion, or the Mediator if the Claim is submitted for its resolution as provided in Section 5.4 of this Settlement Agreement, determines to be timely, accurate, complete, properly signed by an authorized representative, not duplicative of another Claim from or on behalf of the same Claimant, and not otherwise invalid.

2.3　　"Approved Claimant" means a Settlement Class Member who has submitted an Approved Claim.

2.4　　"Attorneys' Fees and Costs" means all fees, costs and expenses to be awarded, subject to Court approval, pursuant to the Fee and Cost Application.

2.5　　"CAFA Notice" refers to the notice pursuant to the Class Action Fairness Act (28 U.S.C. § 1715(b)) to be provided by Defendant pursuant to Section 6.1 of this Settlement Agreement.

2.6　　"Cash Award" means a total maximum cash award in the amount of $4.00 to each Settlement Class Member.

2.7　　"Claim" means a completed Claim Form received by the Settlement Administrator.

2.8　　"Claim Form" means the written claim form, substantially in the form of Exhibit 5 attached hereto, that will be available online.

2

2.9    "Claim Deadline" means sixty (60) days following the Initial Notice Date, which shall be the deadline by which Settlement Class Members must submit completed Claim Forms.

2.10    "Claimant" means a Settlement Class Member who has submitted a Claim.

2.11    "Class Counsel" means the following attorneys, who upon Court approval, shall be appointed counsel for the Settlement Class:

THE LAW OFFICE OF CHRIS R. MILTENBERGER, PLLC
Chris R. Miltenberger
chris@crmlawpractice.com
1340 N. White Chapel Blvd., Suite 100
Southlake, TX 76092

WENZEL FENTON CABASSA, P.A.
Brandon Hill
bhill@wfclaw.com
1110 North Florida Avenue, Suite 300
Tampa, FL 33602

2.12    "Class List" means the name, cellular telephone number, and, where available, email address and last known mailing address associated with such cellular telephone number for each member of the Settlement Class, to be provided by Defendant to or determined by the Settlement Administrator.

2.13    "Class Notice" means written notice that will be provided to the Settlement Class pursuant to this Agreement, and any additional notice that might be ordered by the Court.

2.14    "Class Period" means from January 9, 2013 to the Effective Date.

2.15    "Class Representative" means the named plaintiff, Tom Mahoney, who upon Court approval, shall be appointed representative of the Settlement Class.

2.16    "Complaint" means the operative complaint filed in the Action.

2.17    "Court" means the United States District Court for the Southern District of Florida, and the Honorable United States District Judge Donald M. Middlebrooks, before whom the Action is pending.

2.18    "Defendant" means the defendant TT of Pine Ridge, Inc. (d/b/a "Naples Nissan").

2.19    "Defendant's Counsel" means:

BLANK ROME LLP
Ana Tagvoryan, Esq.

3

Paul J. Sodhi, Esq.
Harrison M. Brown, Esq.
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33364

SQUIRE PATTON BOGGS
Patricia E. Lowry, Esq.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401

2.20   "Email Notice" means Class Notice, substantially in the form of Exhibit 2 attached hereto, that the Settlement Administrator may send by email to members of the Settlement Class, in accordance with Section 6.3 of this Settlement Agreement.

2.21   "Effective Date" means the first date by which all of the following events shall have occurred: (a) the Court has entered the Preliminary Approval Order; (b) the Court has entered the Final Approval Order and Judgment; and (c) the Final Approval Order and Judgment has become Final.

2.22   "Final" means that the Final Approval Order and Judgment has been entered on the docket in the Action and (a) the time to appeal from such order and judgment has expired and no appeal has been filed, or (b) if an appeal from such order and judgment has been filed, it has finally been resolved and has resulted in an affirmance of the Final Approval Order and Judgment, or (c) the Court, following the resolution of any appeal from the Final Approval Order and Judgment, enters a further order or orders approving the Settlement Agreement on the terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in the affirmation of such order(s).  Neither the pendency of the Fee and Cost Application, nor any appeal pertaining solely to a decision on the Fee and Cost Application, shall in any way delay or preclude the Final Approval Order and Judgment from becoming Final.

2.23   "Final Approval Hearing" means the hearing scheduled to take place after the date of entry of the Preliminary Approval Order at which the Court shall: (a) determine whether to grant final approval to this Settlement Agreement and to finally certify the Settlement Class; (b) consider any timely objections to this Settlement and all responses thereto; (c) rule on the Fee and Cost Application; and (d) dismiss the Action with prejudice.

2.24   "Final Approval Order and Judgment" means the order in which the Court grants final approval of this Settlement Agreement, finally certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Action with prejudice.

4

2.25    "Incentive Award" means the incentive payment to the Class Representative, in accordance with Section 4.1 of this Settlement Agreement.

2.26    "Initial Notice Date" means the date when the Class Notice is first sent to the Settlement Class.

2.27    "Long Form Notice" means Class Notice, substantially in the form of Exhibit 1 attached hereto, that shall be made available on the Settlement Website.

2.28    "Mail Notice" means Class Notice, substantially in the form of Exhibit 3 attached hereto, that the Settlement Administrator may send by mail to members of the Settlement Class, in accordance with Section 6.4 of this Settlement Agreement.

2.29    "Objection Deadline" means sixty (60) days following the Initial Notice Date, which shall be the deadline by which Settlement Class Members must submit objections to the Settlement Agreement.

2.30    "Parties" means Plaintiff and Defendant.

2.31    "Opt-Out Deadline" means sixty (60) days following the Initial Notice Date, which shall be the deadline by which members of the Settlement Class must submit Requests for Exclusion.

2.32    "Plaintiff" or "Class Representative" means Tom Mahoney.

2.33    "Preliminary Approval Order" means the order, substantially in the form of Exhibit 6 attached hereto, in which the Court grants its preliminary approval to this Settlement Agreement.

2.34    "Published Notice" means Class Notice, substantially in the form of Exhibit 4 attached hereto, to be published in at least one newspaper of general circulation in the Naples, Florida region, in accordance with Section 6.6 of this Settlement Agreement.

2.35    "Release" means the release set forth in Section 10.1 of this Settlement Agreement.

2.36    "Released Claims" means any and all claims, actions, causes of action, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including, but not limited to, the TCPA), state law, common law, contract, rule, regulation, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, compensatory or punitive, existing before or as of the entry of the Final Approval Order and Judgment, that arise out of, concern, or relate in any way to the allegations in the Action or the TCPA, and/or which could have been raised in the Action, including, but not limited to, the use of an automatic

5

telephone dialing system and/or prerecorded or artificial voice, and/or the delivery of voicemail messages, during the Class Period.

2.37   "Request for Exclusion" means a timely written submission by a member of the Settlement Class requesting to opt out of the settlement reflected in this Settlement Agreement.

2.38   "Settlement" means the disposition of the Action and all related claims effectuated by this Settlement Agreement.

2.39   "Settlement Agreement" means this agreement, including all attached and/or incorporated exhibits.

2.40   "Settlement Administration Costs" means any and all reasonable and pre-approved fees and costs incurred in administering the settlement set forth in this Settlement Agreement, including but not limited to, the fees and costs of disseminating all Class Notice, administering and maintaining the Settlement Website, processing Claim Forms, and issuing checks for Cash Awards to Approved Claimants.

2.41   "Settlement Administrator" means Epiq Systems.

2.42   "Settlement Class" means the class that, for purposes of settlement only, the Parties stipulate should be certified, consisting of:

All persons or legal entities in the United States who, during the Class Period, received a non-emergency call, text, or voicemail message from or on behalf of Naples Nissan through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

2.43   "Settlement Class Members" means Plaintiff and those persons who are members of the Settlement Class and who do not submit a timely Request for Exclusion from the Settlement Class.

2.44   "Settlement Cash Fund" means the cash fund of one million five hundred twenty thousand dollars ($1,520,000.00) made available by Defendant as provided by this Settlement Agreement to fund Cash Awards to Approved Claimants.

2.45   "Settlement Website" means the Internet website to be operated and maintained by the Settlement Administrator as described in Section 6.7 of this Settlement Agreement.

2.46   "Voucher Award" means a $15.00 credit voucher that can be used at Naples Nissan's dealership for any service or merchandise.  The credit voucher shall expire within one year of the date of issuance, shall be freely transferable, will be good on all services or merchandise (including sale, discount, or promotional pricing), and will require no minimum purchase.  The credit voucher shall not be redeemable for cash.

6

**2.47**  "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, and the regulations promulgated thereunder.

## III.   SETTLEMENT FUND AND SETTLEMENT CLASS RELIEF

In consideration of a full, complete, and final settlement of the Action, dismissal of the Action with prejudice, the Release, and subject to the Court's approval, the Parties agree to the following relief:

**3.1**   Settlement Cash Fund.  Subject to the terms and conditions of this Settlement Agreement, Defendant has agreed to make available $1,520,000.00 cash to resolve this matter.  The Settlement Cash Fund will be available to satisfy Cash Awards to Approved Claimants.  Defendant is not required to place all or any portion of the Settlement Cash Fund into a separate bank account.  Any portion of the Settlement Cash Fund that is not paid to Settlement Class Members shall revert to and be kept by Defendant.  In addition to the Settlement Cash Fund, Defendant will provide $15.00 vouchers in lieu of Cash Awards to all Approved Claimants who elect the Voucher Award.  The Voucher Award will be activated at the time of mailing and can be used immediately upon receipt.

**3.2**   Voucher Fund.  Subject to the terms and conditions of this Settlement Agreement, Defendant has agreed to make available $5,700,000.00 in Voucher Awards to resolve this matter.  The Voucher Fund will be available to satisfy Voucher Awards to Approved Claimants.  Defendant is not required to place all or any portion of the Voucher Fund into a separate bank account.  Any portion of the Voucher Fund that is not paid to Settlement Class Members shall revert to and be kept by Defendant.

**3.3**   Settlement Class Members who submit an Approved Claim have the option of receiving a Cash Award or a Voucher Award.  Should a Settlement Class Member fail to elect either the Cash Award or the Voucher Award on the otherwise valid and timely Claim Form, Defendant shall issue the Settlement Class Member the Voucher Award.  Members of the Settlement Class who do not submit an Approved Claim and/or who are not Approved Claimants shall not be entitled to a Cash Award or a Voucher Award.

**3.4**   No member of the Settlement Class will be permitted to file more than one Claim.

**3.5**   Claim Process.

a.   Completing Claim Forms.  Members of the Settlement Class shall have sixty (60) days after the Initial Notice Date to complete and mail a physical Claim Form or submit an online Claim Form.  Settlement Class Members must submit a Claim Form, under penalty of perjury, to receive any award under the Settlement, and such Claims must be approved as satisfying all requirements of this Settlement Agreement to be eligible to receive an award.  Claim Forms may be submitted to the Settlement Administrator within the Claims Period by mail or through the

Settlement Website, and shall require the signature (actual or electronic) of an authorized representative for the Settlement Class Member.

b.      Regardless of the foregoing method used, Settlement Class Members must submit completed Claim Forms by the Claim Deadline.  If submitted by mail, a Claim Form shall be postmarked by the Claim Deadline.  The date of the postmark on the envelope containing the completed Claim Form shall be the exclusive means used to determine whether a Class Member has "timely" returned the Claim Form on or before the Claim Deadline.

c.      In determining whether a Claim is an Approved Claim, the Settlement Administrator shall ensure that the Claim is from a Settlement Class Member, that it is timely, accurate, complete, and signed by an authorized representative for the Settlement Class Member, that it is not duplicative of another Claim from the same Claimant (either by name or telephone number), and that the Claim is not otherwise invalid.

d.      If a Claim Form is timely returned to the Settlement Administrator but defective in any regard, the Settlement Class Member shall be given one opportunity to cure the defect(s).  The Settlement Administrator shall mail a notice of deficiency with a copy of the defective Claim Form to the Settlement Class Member who submitted the Claim.  The Settlement Class Member shall be given fourteen (14) days from the date the notice of deficiency was mailed to cure the defect(s) and return the corrected Claim Form to the Settlement Administrator.  If the corrected Claim Form is not completely corrected and postmarked (or submitted electronically through the Settlement Website) within the fourteen (14) day period, it shall be deemed untimely and rejected.

**3.6**   <u>Timing of Provision of Settlement Payments</u>.  Within thirty (30) days of the Effective Date, Defendant (through the Settlement Administrator) shall deliver to Settlement Class Members who submitted Approved Claims either the Cash Award in the form of a check or the Voucher Award, in accordance with the Settlement Class Members' election on the Claim Form.  Settlement Class Members shall have 180 days from the date a Cash Award check is issued to cash the check, and all Cash Award payments to Settlement Cash Members via check will state on the face of the check that the check will expire and become null and void unless cashed within 180 days after the date of issuance.

**3.7**   <u>Injunction</u>.  Defendant agrees to an injunction prohibiting future violations of the TCPA, 47 U.S.C. § 227, and specifically agrees to stop using "drop voicemail" technology to leave pre-recorded messages in people's voicemail inboxes without consent, unless such technology is deemed not to violate the TCPA by the Federal Communication Commission, the United States Supreme Court, or the United States Court of Appeals for the Eleventh Circuit.

8

## IV.   **INCENTIVE AWARD; ATTORNEYS' FEES AND COSTS**

4.1     Incentive Award.  Class Counsel will apply to the Court for an Incentive Award of not more than $15,000.00 to the Class Representative for the time and effort invested in the Action, to be paid by Defendant separately and in addition to any amounts paid out of the Settlement Cash Fund.  Defendant will not oppose the application for an Incentive Award up to this amount.  Within twenty-one (21) days after the Effective Date, Defendant will issue and send a check to the Class Representative for the amount corresponding to any Incentive Award the Court has approved.

4.2     Attorneys' Fees and Costs.  Class Counsel will apply to the Court for Attorneys' Fees and Costs to Class Counsel of not more than five hundred thousand dollars ($500,000.00) for attorneys' fees and not more than twenty thousand dollars ($20,000.00) for costs and expenses, to be paid upon approval by the Court by Defendant separately and in addition to any amounts paid out of the Settlement Cash Fund.  Defendant agrees not to oppose Class Counsel's application for Attorneys' Fees and Costs to Class Counsel up to this amount, and Class Counsel, in turn, agrees not to seek or accept attorneys' fees or costs and expenses in excess of this amount from the Court.

4.3     Timing.  Class Counsel will file its application(s) for an Incentive Award to the Class Representative and for Attorneys' Fees and Costs to Class Counsel no later than fourteen (14) days before the Claim Deadline.

4.4     Payment Schedule.  Defendant shall pay the Costs within twenty-one (21) days after the Effective Date.  Defendant shall pay the Court-awarded Attorneys' Fees in up to two installments:

a.      If the Court awards the full requested amount of Attorneys' Fees, then the installments shall be two equal installments.  The first installment shall be due and paid within twenty-one (21) days after the Effective Date.  The second installment shall be due and paid on the first anniversary of the payment date of the first installment.

b.      If the Court awards less than the full requested amount of Attorneys' Fees, then the first installment shall be $250,000.00 and the second installment shall be the remainder.  The first installment shall be due and paid within twenty-one (21) days after the Effective Date.  The second installment shall be due and paid on the first anniversary of the payment date of the first installment.

c.      If the Court awards less than $250,000.00 in Attorneys' Fees, then the full amount of Attorneys' Fees shall be due and paid within twenty-one (21) days after the Effective Date.

**4.5**   <u>Settlement Independent of Awards, Fees and Costs</u>.  Notwithstanding any other provisions of this Settlement Agreement to the contrary, the Court's consideration of Class Counsel's application for Attorneys' Fees and Costs to Class Counsel and for an Incentive Award to the Class Representative is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and the Court's Order with respect to Attorneys' Fees and Costs and an Incentive Award shall not operate to terminate or cancel this Settlement Agreement.

## V.   <u>SETTLEMENT ADMINISTRATION AND COSTS</u>

**5.1**   <u>Costs Upon Preliminary Approval</u>.  Defendant shall wire transfer to the Settlement Administrator within seven (7) days after entry of a Preliminary Approval Order sufficient funds to cover reasonably incurred administrative and notice costs, up to half of the total estimated proposal.

**5.2**   <u>Settlement Administrator</u>.  The Settlement Administrator shall be paid for by Defendant apart from and separately from the Settlement Cash Fund, and shall administer the Settlement consistent with this Agreement subject to the supervision of the Parties' counsel and with the supervision of the Court as circumstances may require.  The Parties and their counsel shall have no responsibility for, or liability whatsoever with respect to, any act, omission, or determination of the Settlement Administrator.

**5.3**   The Settlement Administrator shall administer the relief provided by this Settlement Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities performed under this Settlement Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with information concerning Class Notice and the administration and implementation of the Settlement Agreement.  Without limiting the foregoing, the Settlement Administrator shall:

a.   Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement Agreement, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Settlement Agreement.  Notwithstanding the foregoing, the Class List shall be deemed "confidential" as between Defendant and the Settlement Administrator, solely for purposes of administering the Settlement, and the Settlement Administrator shall not provide a copy of the Class List, or any derivation thereof, to Class Counsel.

b.    Receive Requests for Exclusion from members of the Settlement Class and promptly provide Class Counsel and Defendant's Counsel a copy thereof upon receipt.

c.    Provide reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number thereof approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator.

d.    Make available for inspection by Class Counsel and Defendant's Counsel the Claim Forms or any Request for Exclusion, and any other documents or correspondence, received by the Settlement Administrator related to the Settlement at any time upon reasonable notice.

e.    Establish the Settlement Website in accordance with Section 6.7.

f.    Set up and maintain a toll-free telephone number for members of the Settlement Class to obtain information regarding the Settlement Agreement and the completion and submission of Claim Forms.

g.    Direct the mailing of Cash Awards and Voucher Awards to Approved Claimants.

h.    File with the Court, no later than fourteen (14) days prior to the Final Approval Hearing, a declaration of due diligence as set forth in Section 6.9, and, no later than thirty (30) days of the disbursement of the Settlement Cash Fund, a declaration confirming such disbursement as set forth in Section 9.5.

i.    Perform any other tasks reasonably required to effectuate the Settlement Agreement.

5.4    Both Class Counsel and Defendant's Counsel shall have the right to challenge the acceptance or rejection of any Claim Form submitted by a member of the Settlement Class.  The Settlement Administrator shall follow any agreed decision of Class Counsel and Defendant's Counsel.  To the extent that Class Counsel and Defendant's Counsel are not able to agree upon the disposition of a challenge, the Mediator (Bruce A. Friedman of JAMS), or any individual designated or referred by the Mediator and agreed to by the Parties, shall timely decide such a challenge. The Settlement Administrator shall thereafter follow the decision of the Mediator or his designee resulting from any such challenge.

## VI.    <u>CLASS NOTICE</u>

6.1    In the event that the Court enters the Preliminary Approval Order, Class Notice informing members of the Settlement Class of their rights under the Settlement, and

11

of their ability to elect not to participate, will be provided to all members of the Settlement Class as set forth herein.

6.2    <u>Class List</u>.  For the purpose of disseminating Class Notice and administering the Settlement, within seven (7) days after the Court enters the Preliminary Approval Order, Defendant shall provide the Settlement Administrator the Class List, including, to the extent available, names, cellular telephone numbers, email addresses, and mailing addresses, from Defendant's records.  To the extent that a mailing address is not provided for a member of the Settlement Class, the Settlement Administrator shall perform a reverse append on the cellular telephone number(s) provided for that member of the Settlement Class in an attempt to obtain a valid mailing address.

6.3    <u>Email Notice</u>.  Within twenty-one (21) days after the Court enters the Preliminary Approval Order, the Settlement Administrator will email the Email Notice and Claim Form (substantially in the forms attached as Exhibits 2 and 5) to all members of the Settlement Class for whom an email address was provided.  The Email Notice and Claim Form will be sent together in a single email.  Otherwise, a link to the Claim Form may be provided in the Email Notice.

6.4    <u>Mail Notice</u>.  Where an email address is not available for a member of the Settlement Class, then, within twenty-one (21) days after the Court enters the Preliminary Approval Order, the Settlement Administrator will mail the Mail Notice (substantially in the form attached as Exhibit 3), via first-class regular U.S. Mail, to all members of the Settlement Class for whom a mailing address was provided or else determined via a single reverse append process.  The Settlement Administrator will attempt to send the Mail Notice as a postcard or as most economically feasible.

6.5    If a Class Notice is returned because of an incorrect address, the Settlement Administrator will promptly search for a more current address for the member of the Settlement Class and re-mail the Mail Notice to such address.  The Settlement Administrator will use the data for the member of the Settlement Class to find a more current address.  The Settlement Administrator will be responsible for taking reasonable steps to trace the mailing address of any member of the Settlement Class for whom a Mail Notice is returned by the U.S. Postal Service as undeliverable.  These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address; and promptly remailing the Mail Notice to members of the Settlement Class for whom new addresses are found.  If the Mail Notice is re-mailed, the Settlement Administrator will note for its own records and notify Class Counsel and Defendant's Counsel of the date of each such re-mailing as part of a weekly status report provided to the Parties.  This current address search and re-mail process shall be completed only once for each returned initial mailing.

12

6.6    <u>Published Notice</u>.  Within twenty-one (21) days after the Court enters the Preliminary Approval Order, the Settlement Administrator will cause notice of the Settlement to be printed in at least one newspaper of general circulation in the Naples, Florida region, for no less than a thirty (30) day period.

6.7    <u>Settlement Website</u>.  Within twenty-one (21) days after the Court enters the Preliminary Approval Order, the Settlement Administrator shall create and maintain the Settlement Website, containing the Long Form Notice (substantially in the form of Exhibit 1), Claim Form (substantially in the form of Exhibit 5), and certain Court documents, including the Complaint, the Settlement Agreement, and the Court's Preliminary Approval Order.  The Settlement Website shall be maintained until the Effective Date.

6.8    The Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize costs.  Before dissemination of Class Notice is commenced, Class Counsel and Defendant's Counsel shall first be provided proof copies of all Class Notices, and shall have the right to inspect the same for compliance with the Settlement Agreement and with the Court's orders.

6.9    No later than fourteen (14) days prior to the Final Approval Hearing, the Settlement Administrator will serve on Plaintiff and file with the Court a declaration of due diligence setting forth its compliance with its obligations under this Settlement Agreement.  Prior to the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of its prior declaration.

6.10    <u>CAFA Notice</u>.  Defendant will be responsible for preparing and disseminating the requisite CAFA Notice to all necessary recipients within ten (10) days after the filing of the Preliminary Approval Motion, and shall file notice of that satisfaction within fourteen (14) days of said filing.

## VII.   <u>PRELIMINARY APPROVAL</u>

7.1    <u>Order of Preliminary Approval</u>.  As soon as practicable after the execution of this Settlement Agreement, the Parties will jointly prepare, and Plaintiff will file, a motion for entry of the Preliminary Approval Order, giving preliminary approval of the Settlement, appointing the Class Representative and Class Counsel, approving and authorizing dissemination of the Class Notice and Claim Form, and setting a date for the Final Approval Hearing (the "Motion for Preliminary Approval").  The Parties will jointly appear at the hearing on preliminary approval and support the Unopposed Motion.

7.2    Should the Court deny the Motion for Preliminary Approval in its entirety, or decline to preliminarily approve any material aspect of the Settlement Agreement, either Party may terminate this Settlement Agreement and the Settlement by giving notice to the other Party within five (5) days of such Court order, in which case the

13

Settlement will be null and void, the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

## VIII.   OPT-OUTS AND OBJECTIONS

8.1    Opting Out of the Settlement.  A member of the Settlement Class wishing to submit a Request for Exclusion from the Settlement Class shall mail the same, in written form, postage fully prepaid, or submit the same electronically via the Settlement Website, to the Settlement Administrator.  The Request for Exclusion must be postmarked, or submitted electronically via the Settlement Website, no later than the Opt-Out Deadline, as specified in the Class Notice.  The Request for Exclusion shall clearly indicate the individual's name and address, and the cellular telephone number(s) that received the allegedly unauthorized call, must be signed by such individual, and shall state that the individual wishes to be excluded from the Settlement Class.  The Request for Exclusion shall not be effective unless the Request for Exclusion provides the required information and is postmarked no later than the Opt-Out Deadline, or the Request for Exclusion is otherwise accepted by the Court.  Copies of any Requests for Exclusion will be provided by the Settlement Administrator to Class Counsel and to Defendant's Counsel not later than seven (7) days after the Opt-Out Deadline.

8.2    The Request for Exclusion must be personally signed by the individual requesting exclusion.  If signed electronically, such electronic signature will be binding for purposes of the perjury laws, and the Settlement Website shall contain a statement to that effect.  So-called "mass" or "class" exclusions shall not be permitted.

8.3    Any member of the Settlement Class who does not properly and timely submit a Request for Exclusion will, upon entry of the Final Approval Order and Judgment, participate in and be bound by the same and this Settlement Agreement, including the Release in Section 10.1 below, regardless of whether he or she has objected to the Settlement.  Any member of the Settlement Class who submits a valid and timely Request for Exclusion will not be a Settlement Class Member and will not so participate or be bound, and will not have any right to object to, comment on, or appeal the Final Approval Order and Judgment and/or Settlement Agreement.

8.4    No later than fourteen (14) days after the Opt-Out Deadline, the Settlement Administrator will provide Class Counsel and Defendant's Counsel with a complete and accurate list of all members of the Settlement Class who submitted a Request for Exclusion ("Exclusion Report").

8.5    Defendant's Option to Terminate.  Defendant shall have the right to terminate this Settlement Agreement if (1) more than 0.1-percent of the members of the Settlement Class submit a timely and valid Request for Exclusion, and (2) Defendant delivers a notice of termination to Plaintiff and Class Counsel within five (5) days after receipt by Defendant's Counsel of the Exclusion Report.

14

**8.6** <u>Objections</u>.  Any Settlement Class Member who intends to object to this Settlement Agreement must submit a written objection for filing with the Court by the Objection Deadline, and include the following information:

a.    The Settlement Class Member must state his or her full name, address, and the cellular telephone number(s) that received the allegedly unauthorized call, and must state the legal and factual reasons for the objection, whether the Settlement Class Member intends to appear at the Final Approval Hearing, and, if so, whether *pro se* or through counsel.  Any documents supporting the objection must also be attached to the objection.

b.    Any Settlement Class Member who files a timely written objection and who indicates his or her intention to appear at the Final Approval Hearing must also include in his or her written objection the identity of any witnesses he or she may call to testify, and all exhibits he or she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

c.    The objection must be signed by an authorized person for the Settlement Class Member.

d.    The Parties will have the right to depose or seek discovery from any objector to assess whether the objector has standing.

e.    Objecting members of the Settlement Class are deemed to be Settlement Class Members, and are bound by the Release contained herein unless and until such objecting class member submits a timely and valid Request for Exclusion.

**8.7** <u>Final Approval Hearing</u>.  Any Settlement Class Member who has timely filed a written objection to the Settlement Agreement may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Settlement Agreement.  A Settlement Class Member who has not timely filed a valid written objection as set forth above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether at the Final Approval Hearing, by appeal, or otherwise) to the Settlement.

**8.8** <u>No Solicitation</u>.  Neither the Parties nor their respective counsel will solicit or otherwise encourage or support, directly or indirectly, any member of the Settlement Class to elect not to participate in the Settlement, comment on or object to the Settlement, or appeal from the Final Order and Judgment.

## IX.    <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

**9.1**    If the Court issues the Preliminary Approval Order, and the other conditions precedent under this Settlement Agreement have been satisfied, then, no later than seven (7) days prior to the Final Approval Hearing:

15

a.     The Parties will jointly prepare, and Plaintiff will file, a motion for Final Approval Order and Judgment, which shall not differ materially from the terms set out in this Settlement Agreement;

b.     The Parties may file memoranda addressing any objections to the Settlement Agreement.

**9.2**   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Settlement Agreement should be approved, whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate, whether any objections to the Settlement Agreement should be overruled, whether the requested Incentive Award to the Class Representative and the Attorneys' Fees and Costs to Class Counsel should be approved, and whether a judgment finally approving the Settlement Agreement should be entered.

**9.3**   This Settlement Agreement is subject to and conditioned upon the Court's issuance of an order in substantially the same form as the Final Approval Order and Judgment, that grants final approval of this Settlement Agreement and enters a final judgment and:

a.     finds that the Class Notice provided satisfies the requirements of due process and Federal Rules of Civil Procedure Rule 23(e)(1);

b.     finds that the Class Representative and Class Counsel have adequately represented the Settlement Class Members;

c.     finds that the Settlement Agreement is fair, reasonable, and adequate with respect to the Settlement Class, that each Settlement Class Member will be bound by this Settlement Agreement, and that this Settlement Agreement should be and is approved;

d.     dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted in the Action;

e.     effectuates the Releases set forth in Section 10.1;

f.     certifies the Settlement Class;

g.     permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims; and

h.     retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Settlement Agreement.

**9.4**   <u>Waiver of Right to Appeal</u>.  Except as otherwise provided herein, and provided that the Final Approval Order and Judgment is consistent with the terms and conditions of this Agreement, Plaintiff, Settlement Class Members who did not submit an

16

objection to the Settlement, Defendant, and their respective counsel hereby waive any and all rights to appeal from the Final Approval Order and Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate or set aside judgment, a motion for new trial, and any extraordinary writ, and the Final Approval Order and Judgment therefore will become nonappealable at the time it is entered.  The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.   This Paragraph does not preclude the Parties from appealing a refusal by the Court to award the requested Incentive Award to the Class Representative or the Attorneys' Fees and Costs to Class Counsel in the amounts set forth in Sections 4.1 and 4.2.

9.5    <u>Final Report by the Settlement Administrator</u>.  Within thirty (30) days of the disbursement of the Settlement Cash Fund, the Settlement Administrator will serve on the Parties and file with the Court a declaration confirming the disbursement of all funds required under the Settlement.

## X.    <u>RELEASE OF CLAIMS</u>

10.1    <u>Release by Plaintiff and the Settlement Class Members</u>.  As of the Effective Date of this Settlement Agreement, Plaintiff and all Settlement Class Members shall be deemed to hereby fully and irrevocably release, waive, and discharge Defendant and its employees, officers, shareholders, directors, owners, members, managers, attorneys, predecessors, successors, parents, subsidiaries, divisions, d/b/a's, and other corporate affiliates from any and all claims, actions, causes of action, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the TCPA), state law, common law, contract, rule, regulation, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, compensatory or punitive, existing before or as of the entry of the Final Approval Order and Judgment, that arise out of, concern, or relate in any way to the allegations in the Action or the TCPA, and/or which could have been raised in the Action, including, but not limited to, the use of an automatic telephone dialing system and/or prerecorded or artificial voice, and/or the delivery of voicemail messages, during the applicable statute of limitations.

10.2    The Parties may file the Settlement Agreement and/or the Final Approval Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.3    <u>Stay of Proceedings</u>.  All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement.  Pending the expiration

period for Requests for Exclusion, no member of the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a member of the Settlement Class, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The proposed order submitted on a motion for preliminary approval will contain an injunction enjoining the commencement or prosecution of the Released Claims.

## XI.   TERMINATION OF SETTLEMENT AGREEMENT

11.1   Right to Terminate the Settlement Agreement.  The Parties shall each have the right, but not the obligation, to unilaterally terminate this Settlement Agreement by providing written notice of its election to do so ("Termination Notice") to all other Parties hereto within five (5) days of either of the following occurrences:

a.   the Court rejects, materially modifies, materially amends or changes, or declines to issue a Preliminary Approval Order with respect to the Settlement Agreement; or

b.   the Court, or any other court, tribunal, agency, entity, or person, materially modifies, or materially amends or changes, the Settlement Agreement.

11.2   Revert to Status Quo if a Party Terminates.  If either Plaintiff or Defendant terminates this Settlement Agreement as provided herein, the Settlement Agreement will be of no force and effect and the Parties' rights and defenses will be restored, without prejudice, to their respective positions as if this Settlement Agreement had never been executed, and any orders entered by the Court in connection with this Settlement Agreement will be vacated.

11.3   The right to terminate the Settlement must be exercised, if at all, no later than fourteen (14) days before the Final Approval Hearing, or else the Parties agree that any attempted termination shall be without effect.  Termination is effective only if and when notice of the same is filed with the Court and served on counsel of record for each Party.

## XII.   MISCELLANEOUS

12.1   Entire Agreement.  This Settlement Agreement and its exhibits constitutes the entire agreement between the Parties relating to the Settlement.  No representations, warranties, covenants, or inducements have been made to any of the Parties, other than those representations, warranties, covenants, and inducements contained in this Settlement Agreement and its exhibits.

12.2   Binding Nature.  Each and every term of this Settlement Agreement shall be binding upon, as well as inure to the benefit of, the Released Parties and the successors of the Released Parties.

18

12.3   <u>No Admission of Liability</u>.  Defendant does not admit to any liability, and this Settlement Agreement, and any Final Approval Order and Judgment entered based thereon, shall not be considered or operate as a finding of wrongdoing.

12.4   <u>Plaintiff's Waiver of Rights</u>.  Plaintiff agrees that by signing this Settlement Agreement he becomes bound by the terms herein stated, and further agrees not to opt-out of the Settlement or object to any of the terms of the Settlement.  Any non-compliance with this paragraph (*i.e.*, request for exclusion or objection) shall be void and of no force or effect.

12.5   <u>Potential Changes to the Attachments</u>.  The Parties agree to request that the Court approve the forms of the Preliminary Approval Order, the Class Notice, and the Claim Form.  The fact that the Court may require non-material revisions to any of these documents does not invalidate this Settlement Agreement.

12.6   <u>Governing Law</u>.  This Settlement Agreement shall be governed, construed, and enforced in accordance with Florida substantive law, excluding Florida conflicts of law or choice of law principles, and all claims relating to or arising out of this Settlement Agreement, or the breach thereof, whether sounding in contract, tort, or otherwise, shall likewise be governed by Florida substantive law, excluding Florida conflicts of law or choice of law principles.

12.7   <u>Jurisdiction</u>.  The Court will retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement, and upon entry of the Final Approval Order and Judgment, all Settlement Class Members, for purposes of the administration and enforcement of this Settlement Agreement.

12.8   <u>Cooperation in Drafting</u>.  This Settlement Agreement was drafted jointly by the Parties and, in construing and interpreting this Settlement Agreement, no provision of this Settlement Agreement will be construed or interpreted against any Party based upon the contention that it or a portion of it was purportedly drafted or prepared by that Party.

12.9   <u>Fair Settlement</u>.  The Parties and their respective counsel believe and warrant that this Settlement Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Settlement Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

12.10   <u>Headings</u>.  The descriptive heading of any section or paragraph of this Settlement Agreement is inserted for convenience of reference only and does not constitute a part of this Settlement Agreement.

12.11   <u>Counterparts</u>.  This Settlement Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together will constitute one and the same instrument.

**12.12**  Time Periods.  The time periods and dates described herein are subject to Court approval and may be modified upon Court order, or upon written stipulation of the Parties, as may be necessary to carry out the provisions of this Settlement Agreement.  The determination of a time period under this Settlement Agreement shall be computed based on Eastern Standard Time Zone times, and as follows:  (1) excluding the day of the event that triggers the period, (2) count every day, including intermediate Saturdays, Sundays, and federal holidays; and (3) include the last day of the period, but if the last day is a Saturday, Sunday, or federal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or federal holiday.

**12.13**  Authority.  Class Counsel and Defendant's Counsel warrant and represent that they are authorized by their respective clients to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement Agreement, the Parties will seek the assistance of the Court and the Mediator (Bruce A. Friedman of JAMS) and in all cases all such documents, supplemental provisions, and assistance of the Court or the Mediator will be consistent with this Settlement Agreement.

**12.14**  No Oral Modifications.  This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any manner, except by a writing signed by all of the duly authorized agents of the Parties, and approved by the Court.

**12.15**  Notice.  All notices, demands, or other communications given under this Settlement Agreement will be in writing and deemed to have been duly given as of the third (3rd) business day after mailing by United States mail, addressed as follows:

*To Plaintiff and Class:*

THE LAW OFFICE OF CHRIS R. MILTENBERGER, PLLC
Chris R. Miltenberger
chris@crmlawpractice.com
1340 N. White Chapel Blvd., Suite 100
Southlake, TX 76092

WENZEL FENTON CABASSA, P.A.
Brandon Hill
bhill@wfclaw.com
1110 North Florida Avenue, Suite 300
Tampa, FL 33602

20

*To Defendant:*

BLANK ROME LLP
Ana Tagvoryan, Esq.
Paul J. Sodhi, Esq.
Harrison Brown, Esq.
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33364

SQUIRE PATTON BOGGS
Patricia E. Lowry, Esq.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401

IN WITNESS HEREOF, the undersigned have executed this Settlement Agreement as of:

| **Tom Mahoney, individually on behalf of the Settlement Class** | **TT of Pine Ridge, Inc. (d/b/a Naples Nissan)** |
|---|---|
| _(signature)_  6/9/17 <br><br> Tom Mahoney              Date | _____ _____ <br> Aaron Walker              Date <br> General Manager |
| **The Law Office of Chris R. Miltenberger, PLLC** | **BLANK ROME LLP** |
| _(signature)_  6-19-17 <br> Chris R. Miltenberger, Esq.      Date <br> Texas Bar No, 14171200 <br> chris@crmlawpractice.com <br> 1340 N. White Chapel Blvd. <br> Suite 100 <br> Southlake, TX 76092 <br> Tel.:    817.416.5060 <br> Fax:    817.416.5062 | _____ _____ <br> Paul J. Sodhi, Esq.          Date <br> Florida Bar No.: 42353 <br> PSodhi@BlankRome.com <br> ATagvoryan@BlankRome.com <br> HBrown@BlankRome.com <br> 500 E. Broward Boulevard <br> Suite 2100 <br> Fort Lauderdale, FL 33394 <br> Tel.    954.512.1800 <br> Fax    954.512.1818 <br> *Attorneys for Defendant TT of Pine Ridge, Inc.* |

21

*To Defendant:*

BLANK ROME LLP
Ana Tagvoryan, Esq.
Paul J. Sodhi, Esq.
Harrison Brown, Esq.
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33364

SQUIRE PATTON BOGGS
Patricia E. Lowry, Esq.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401

IN WITNESS HEREOF, the undersigned have executed this Settlement Agreement as of:

| **Tom Mahoney, individually on behalf of the Settlement Class** | | **TT of Pine Ridge, Inc. (d/b/a Naples Nissan)** | |
|---|---|---|---|
| | | | 6/9/17 |
| Tom Mahoney | Date | Aaron Walker<br>General Manager | Date |
| **The Law Office of Chris R. Miltenberger, PLLC** | | **BLANK ROME LLP** | |
| Chris R. Miltenberger, Esq.<br>Texas Bar No, 14171200<br>chris@crmlawpractice.com<br>1340 N. White Chapel Blvd.<br>Suite 100<br>Southlake, TX 76092<br>Tel.:   817.416.5060<br>Fax:    817.416.5062 | Date | Paul J. Sodhi, Esq.<br>Florida Bar No.: 42353<br>PSodhi@BlankRome.com<br>ATagvoryan@BlankRome.com<br>HBrown@BlankRome.com<br>500 E. Broward Boulevard<br>Suite 2100<br>Fort Lauderdale, FL 33394<br>Tel.   954.512.1800<br>Fax   954.512.1818<br>*Attorneys for Defendant TT of Pine Ridge, Inc.* | Date |

21

*To Defendant:*

BLANK ROME LLP
Ana Tagvoryan, Esq.
Paul J. Sodhi, Esq.
Harrison Brown, Esq.
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33364

SQUIRE PATTON BOGGS
Patricia E. Lowry, Esq.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401

IN WITNESS HEREOF, the undersigned have executed this Settlement Agreement as of:

| **Tom Mahoney, individually on behalf of the Settlement Class** | **TT of Pine Ridge, Inc. (d/b/a Naples Nissan)** |
|---|---|
| _____  _____ <br> Tom Mahoney                              Date | _____  _____ <br> Aaron Walker                              Date <br> General Manager |
| **The Law Office of Chris R. Miltenberger, PLLC** | **BLANK ROME LLP** |
| _____  _____ <br> Chris R. Miltenberger, Esq.        Date <br> Texas Bar No, 14171200 <br> chris@crmlawpractice.com <br> 1340 N. White Chapel Blvd. <br> Suite 100 <br> Southlake, TX 76092 <br> Tel.:    817.416.5060 <br> Fax:    817.416.5062 | _____/s/_____  _6/9/17_ <br> Paul J. Sodhi, Esq.                   Date <br> Florida Bar No.: 42353 <br> PSodhi@BlankRome.com <br> ATagvoryan@BlankRome.com <br> HBrown@BlankRome.com <br> 500 E. Broward Boulevard <br> Suite 2100 <br> Fort Lauderdale, FL 33394 <br> Tel.      954.512.1800 <br> Fax      954.512.1818 <br> *Attorneys for Defendant TT of Pine Ridge, Inc.* |

21

**Wenzel Fenton Cabassa, PA.**

Brandon Hill, Esq.                          Date
Florida Bar Number: 37061
Email: bhill@wfclaw.com
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct No.: 813-337-7992
Main No.: 813-224-0431
Facsimile: 813-229-8712
*Attorneys for Plaintiff Tom Mahoney*

22

# EXHIBIT 1
# to
# Settlement
# Agreement

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

*Tom Mahoney v. TT of Pine Ridge, Inc.*
*Case No. 17-80029-CV-DMM*

## NOTICE OF CLASS ACTION SETTLEMENT

A Court approved this Notice.  This is not a solicitation from an attorney and you are not being sued.

> **To:  All persons or legal entities in the United States who** received a non-emergency call, text, or voicemail message from or on behalf of TT of Pine Ridge, Inc. (d/b/a Naples Nissan) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, between January 9, 2013 and [date of preliminary approval order].

PLEASE READ THIS NOTICE CAREFULLY
AS YOUR LEGAL RIGHTS MAY BE AFFECTED.

YOU MAY BE ENTITLED TO RECEIVE EITHER A CREDIT VOUCHER OR A CASH PAYMENT FROM THIS SETTLEMENT.

149643.00601/105800381v.1

*PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR LEGAL RIGHTS*

| WHY DID I GET THIS NOTICE? |
| --- |

You are receiving this Notice because you may have received a non-emergency call, text, or voicemail message from or on behalf of TT of Pine Ridge, Inc. (d/b/a Naples Nissan) ("Defendant") through the use of an automatic telephone dialing system or an artificial or prerecorded voice, between January 9, 2013 and [date of preliminary approval order], which means that you are a member of the "Settlement Class."  You may be entitled to recover a credit voucher or a check from this class action settlement.

This Notice informs you of your rights to share in the settlement of the class action lawsuit captioned *Tom Mahoney v. TT of Pine Ridge, Inc.*, Case No. 17-80029-CV-DMM (the "Action").  This Notice is being sent to you by the order of the United States District Court for the Southern District of Florida, which preliminarily approved this class action settlement on _____, 2017.  This Notice informs you of your rights to share in the Settlement, or, if you so choose, to exclude yourself from the Settlement or to object to the Settlement terms.

| WHAT IS THIS ACTION AND SETTLEMENT ABOUT? |
| --- |

Plaintiff Tom Mahoney ("Plaintiff") filed this class action lawsuit against Defendant, alleging that Defendant violated the federal Telephone Consumer Protection Act ("TCPA") by making unsolicited calls through the use of an automatic telephone dialing system or an artificial or prerecorded voice.  Defendant denies Plaintiff's allegations and has raised defenses to Plaintiff's claims.

The Court did not decide in favor of Plaintiff or Defendant and there was no trial.  The parties have agreed to settle all claims about automated or prerecorded calls, texts, or voicemail messages sent by or on behalf of Defendant between January 9, 2013 and [date of preliminary approval order].  The Settlement will end all claims against Defendant in the Action and avoid the uncertainties and costs of further litigation and trial.

| WHAT IS A CLASS ACTION? |
| --- |

In a class action lawsuit, one or more persons sue on behalf of other people who have similar claims.  Tom Mahoney is the Class Representative and Named Plaintiff in the Action, and he asserts claims on behalf of himself and on behalf of others who have similar claims and who are referred to as members of the Settlement Class.  A class action allows the Court to resolve the claims of all the class members at the same time, rather than litigating or settling multiple individual lawsuits.  A class member is bound by the determination or judgment entered in the case, whether the class wins or loses, and may not file his or her own lawsuit on the same claims that were decided in the class action, unless he/she excludes him/herself from the class.

149643.00601/105800381v.1

## WHO IS INCLUDED IN THE SETTLEMENT CLASS?

All persons or legal entities in the United States who received a non-emergency call, text, or voicemail message from or on behalf of TT of Pine Ridge, Inc. (d/b/a Naples Nissan) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, between January 9, 2013 and [date of preliminary approval order], are members of the Settlement Class.   "Settlement Class Members" shall not include any person who submits a timely and valid request for exclusion from the Settlement as provided in this Notice.

## WHAT DOES THE SETTLEMENT PROVIDE?

Without admitting any fault or liability, and in exchange for a release of all claims against it, if the Settlement is finally approved, Defendant has agreed to make available up to five million seven hundred thousand dollars ($5,700,000.00) in credit vouchers (the "Voucher Fund") to pay Settlement Class Members who submit a valid and timely Claim Form electing a Voucher Award, and up to one million five hundred twenty thousand dollars ($1,520,000.00) in cash (the "Settlement Cash Fund") to pay Settlement Class Members who submit a valid and timely Claim Form electing a Cash Award.  In addition to the Voucher Fund and Settlement Cash Fund, Defendant has agreed to pay the costs of administering class notice, an incentive award to Plaintiff for serving as the Class Representative of up to $15,000.00, and attorneys' fees and expenses to Class Counsel of up to $520,000.00.  If the Court approves the settlement, all Settlement Class Members who submit a valid and timely Claim Form will be entitled to receive either a $15.00 credit voucher that can be used at Defendant's dealership for any service or merchandise, or a check for $4.00, as he/she chooses on the Claim Form.

This class action settlement includes a release of Defendant by all members of the Settlement Class who do not exclude themselves from the Settlement.  Upon the date the Court enters an order granting final approval of the Settlement, all members of the Settlement Class who not timely submit a valid request for exclusion will be deemed to fully and irrevocably release, waive, and discharge Defendant and its employees, officers, shareholders, directors, owners, members, managers, attorneys, predecessors, successors, parents, subsidiaries, divisions, d/b/a's, and other corporate affiliates from any and all claims, actions, causes of action, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the TCPA), state law, common law, contract, rule, regulation, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, compensatory or punitive, existing before or as of the entry of the Final Approval Order and Judgment, that arise out of, concern, or relate in any way to the allegations in the Action or the TCPA, and/or which could have been raised in the Action, including, but not limited to, the use of an automatic telephone dialing system and/or prerecorded or artificial voice, and/or the delivery of voicemail messages, during the applicable statute of limitations ("Released Claims").

## HOW MUCH WILL MY PAYMENT BE?

149643.00601/105800381v.1

If the Court approves the Settlement, all Settlement Class Members who submit a valid and timely Claim Form will be entitled to receive either a $15.00 credit voucher that can be used at Defendant's dealership for any service or merchandise, or a check for $4.00, as he/she chooses on the Claim Form.

Settlement Class Members will be responsible for correctly characterizing this payment for tax purposes and for paying any taxes on the amounts received.

## WHAT DO I NEED TO DO TO RECEIVE A PAYMENT?

To receive a settlement payment, you must complete, sign (physically or electronically), and return a Claim Form on or before _____, 2017. You do not need to specifically remember receiving a call, text, or voicemail message from Defendant in order to submit a Claim Form. Instead, the information you provide will be referenced against Defendant's records. If your Claim Form is timely and valid, you will be mailed either a $15.00 credit voucher to use at Defendant's dealership or a $4.00 check, as you choose on the Claim Form. If you do not choose either a $15.00 credit voucher or a $4.00 check, and your Claim Form is otherwise timely and valid, you will be mailed a $15.00 credit voucher.

## WHEN WOULD I GET MY PAYMENT?

The Court will hold a hearing where it will make a final decision whether or not to approve the settlement (the "Final Approval Hearing"). The Final Approval Hearing is scheduled to take place on _____, 2017, at [TIME], in Room 257 at the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401. Credit vouchers and checks will be mailed to Settlement Class Members who have submitted a valid and timely Claim Form, and who have not submitted a valid and timely request to be excluded from the Settlement, after the Court has approved the Settlement and the time for appeal has passed. Please be patient.

## WHAT IF I DO NOT WANT TO PARTICIPATE IN THE SETTLEMENT?

You are not required to participate in the Settlement. You have the right to exclude yourself from the class and the Settlement by sending a written request for exclusion either by mail to the following address or through the Settlement Website:

*Tom Mahoney v. TT of Pine Ridge, Inc.*
c/o Settlement Administrator
Mailing Address
Telephone Numbers
Website Address

To be valid, a written request for exclusion must: (1) explicitly and unambiguously indicate that you wish to be excluded from the Settlement reached in the matter of *Tom Mahoney v. TT of Pine Ridge, Inc.*; (2) contain your full name and address; (3) state your telephone number that received a call, text, or voicemail message from Defendant; (4) be signed by the member of the Settlement Class; (5) be postmarked or submitted online by _____, 2017; and (6) be returned to the Settlement

Administrator at the specified mailing address or website address above.  Unless you timely request to be excluded from the Settlement, you will be bound by the judgment upon final approval of the Settlement, including the Release described in this Notice.

If you timely request to be excluded from the Settlement, you will not be entitled to receive any payment under the Settlement and you cannot object to the Settlement.  Class Counsel will not represent your interests in this Action if you request to be excluded.

## WHAT IF I WANT TO OBJECT TO THIS SETTLEMENT?

If you are a Settlement Class Member who has not asked to be excluded from the Settlement, you may object to the Settlement and appear at the Final Approval Hearing, where the Court will make a final decision whether or not to approve the Settlement.  The Final Approval Hearing is scheduled to take place on _____, 2017, at [TIME], in Room 257 at the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401.

A Settlement Class Member who wishes to object to the Settlement must file a written objection with the Court at the Clerk's Office for the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401.  Your objection must be postmarked no later than _____, 2017.  Your written objection must refer to the name and number of this case, and it must state:  (1) your full name and address; (2) your telephone number that received a call, text, or voicemail message from Defendant; (3) the factual and legal bases for the objection with any supporting legal arguments, documents, or evidence to the extent intended to be submitted to the Court; and (4) whether you intend to appear at the Final Approval Hearing, either in person or though counsel at your own expense.  If you intend to appear the Final Fairness Hearing, you must also include in your written objection the identity of any witnesses you may call to testify, and you must identify and attach copies of any exhibits you intend to introduce, at the Final Approval Hearing.  You are not required to appear at the Final Approval Hearing in order for the Court to consider your objection.

You have the right to retain your own attorney, at your own expense, to submit an objection or appear on your behalf at the Final Approval Hearing.

Submitting an objection will *not* exclude you from the Settlement Class.  You will still have the right to receive either a $15.00 credit voucher or a $4.00 check, unless you request to be excluded.

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you disagree with the terms of the Settlement.  You can object only if you stay in the Settlement Class.  If you submit an objection, you may still receive either a $15.00 credit voucher or a $4.00 check, and you still will be bound by the Settlement, if it is finally approved by the Court.

Page 5 of 8

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you and you will not receive any payment from the Settlement.

**WHAT HAPPENS IF I DO NOT EXCLUDE MYSELF FROM THIS SETTLEMENT?**

The Settlement, if finally approved by the Court, will bind all Settlement Class Members who do not request to be excluded, whether or not they timely redeem their $15.00 credit voucher or cash their $4.00 check.

Final approval of the Settlement will bar any Settlement Class Member who does not request to be excluded from the Settlement from hereafter initiating a lawsuit or proceeding against Defendant regarding a claim originating between January 9, 2013 and [date of preliminary approval order], which was alleged or that could have been alleged in the operative complaint.

The Settlement Agreement contains additional details about the scope of the release.  It is available on the Settlement Website at _____.

**WHAT IF I DO NOTHING?**

If you do nothing, you will remain a Settlement Class Member.  You will be bound by the judgment against Defendant and you will release your claims against Defendant about the calls, texts, and voicemail messages sent by or on behalf of Defendant, but you will receive nothing.

**DO I HAVE A LAWYER IN THIS CASE?**

The Court has ordered that, for purposes of this Settlement, the interests of Plaintiff and the Settlement Class Members are represented by Class Counsel:

> THE LAW OFFICE OF CHRIS R. MILTENBERGER, PLLC
> Chris R. Miltenberger
> chris@crmlawpractice.com
> 1340 N. White Chapel Blvd., Suite 100
> Southlake, TX 76092
>
> WENZEL FENTON CABASSA, P.A.
> Brandon Hill
> bhill@wfclaw.com
> 1110 North Florida Avenue, Suite 300
> Tampa, FL 33602

Settlement Class Members will not be charged for these lawyers.  Instead, Class Counsel will be paid by Defendant.

**WHAT IF MY INORMATION CHANGES?**

If your address has changed or you plan to change your address in the next six months, please contact the Settlement Administrator at:

*Tom Mahoney v. TT of Pine Ridge, Inc.*
c/o Settlement Administrator
Mailing Address
Telephone Numbers
Website Address

IT IS YOUR RESPONSIBILITY TO KEEP AN UPDATED ADDRESS ON FILE WITH THE SETTLEMENT ADMINISTRATOR.

**WHERE CAN I GET MORE INFORMATION?**

The foregoing is only a summary of the Settlement.  The court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401.

IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS, you may contact the Settlement Administrator at:

Settlement Administrator
Mailing Address
Telephone Numbers
Website Address

Please refer to the *Tom Mahoney v. TT of Pine Ridge, Inc.* Class Action Settlement.

If you have any questions about the Settlement, you may contact Class Counsel:

THE LAW OFFICE OF CHRIS R. MILTENBERGER, PLLC
Chris R. Miltenberger
chris@crmlawpractice.com
1340 N. White Chapel Blvd., Suite 100
Southlake, TX 76092

WENZEL FENTON CABASSA, P.A.
Brandon Hill
bhill@wfclaw.com
1110 North Florida Avenue, Suite 300
Tampa, FL 33602

***PLEASE DO NOT TELEPHONE OR CONTACT THE COURT FOR INFORMATION REGARDING THIS SETTLEMENT.***

*PLEASE DO NOT CONTACT DEFENDANT OR DEFENDANT'S ATTORNEYS FOR INFORMATION ABOUT THIS SETTLEMENT.*

149643.00601/105800381v.1

# EXHIBIT 2
# to
# Settlement
# Agreement

FROM: [EMAIL ADDRESS]
TO: [EMAIL ADDRESS]
RE: LEGAL NOTICE OF CLASS ACTION SETTLEMENT

**IF YOU RECEIVED A NON-EMERGENCY CALL, TEXT, OR VOICEMAIL MESSAGE FROM OR ON BEHALF OF TT OF PINE RIDGE, INC. (D/B/A NAPLES NISSAN) THROUGH THE USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM OR AN ARTIFICIAL OR PRERECORDED VOICE BETWEEN JANUARY 9, 2013 AND [DATE OF PRELIMINARY APPROVAL ORDER], YOU MAY BE ENTITLED TO EITHER A CREDIT VOUCHER OR A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**This is a court authorized notice of a proposed class action settlement. This is _not_ a solicitation from an attorney and you are _not_ being sued.**

**PLEASE READ THIS NOTICE CAREFULLY, AS IT EXPLAINS YOUR RIGHTS AND OPTIONS AND THE DEADLINES TO EXERCISE THEM.**

*For more information, including a more detailed description of your rights and options, please click here or visit [WEBSITE].*

A proposed settlement has been reached in a class action lawsuit involving calls, texts, or voicemail messages sent by or on behalf of TT of Pine Ridge, Inc. (d/b/a Naples Nissan) ("Defendant"). The lawsuit, *Tom Mahoney v. TT of Pine Ridge, Inc.*, Case No. 17-80029-CV-DMM (S.D. Fla.), alleges that Defendant violated the federal Telephone Consumer Protection Act ("TCPA") by making unsolicited calls to Plaintiff through the use of an automatic telephone dialing system or an artificial or prerecorded voice. The proposed settlement is not an admission of wrongdoing by Defendant. Defendant denies Plaintiff's allegations and has raised defenses to Plaintiff's claims. The Court did not decide in favor of either party, and there was no trial. The parties instead have agreed to settle all claims about automated or prerecorded calls, texts, or voicemail messages sent by or on behalf of Defendant between January 9, 2013 and [date of preliminary approval order].

### WHY AM I BEING CONTACTED?

You have been identified as someone who may have received a non-emergency call, text or voicemail message from or on behalf of Defendant through the use of an automatic telephone dialing system or an artificial or prerecorded voice between January 9, 2013 and [date of preliminary approval order]. As explained below, you may be entitled to receive either a Voucher Award or a Cash Award.

### WHAT DOES THE PROPOSED SETTLEMENT PROVIDE?

If the Court approves the Settlement, Defendant has agreed to make available up to five million seven hundred thousand dollars ($5,700,000.00) in credit vouchers (the "Voucher Fund") to pay those Settlement Class Members who submit a valid and timely Claim Form electing a Voucher Award, and one million five hundred twenty thousand dollars ($1,520,000.00) in cash (the "Settlement Cash Fund") to pay those Settlement Class Members who submit a valid and timely Claim Form electing a Cash Award. In addition, Defendant has agreed to pay the costs of administering class notice, an incentive award to Plaintiff serving as the Class Representative, and attorneys' fees and expenses to Class Counsel. If the Court approves the Settlement, and you submit a timely and valid Claim Form and do not request to be excluded from the class, you will be entitled to receive either a Voucher Award or a Cash Award, as you choose on the Claim Form.

1. *Voucher Award.* The $15.00 credit voucher can be used at Defendant's dealership for any service or merchandise. The credit voucher shall expire within one year of the date of issuance, shall be freely transferable, will be good on all services or merchandise (including sale, discount, or promotional pricing), and will require no minimum purchase. The credit voucher is not redeemable for cash.

***For more information, visit [WEBSITE] or call [NUMBER].***

149643.00601/105800566v.1

    2. *Cash Award*. The $4.00 check will expire and become null and void unless cashed within 180 days after the date of issuance.

## WHAT ARE MY OPTIONS?

To receive a settlement payment, you must complete, sign (physically or electronically), and return a Claim Form. If you submit a Claim Form by mail, the Claim Form must be returned by U.S. Mail postmarked no later than [DATE], 2017, to the Settlement Administrator at [SETTLEMENT ADMINISTRATOR, ADDRESS]. If you submit a Claim Form online, the Claim Form may be submitted online at [WEBSITE] no later than [DATE], 2017. *Submitting a valid and timely Claim Form is the only way to receive a payment from this Settlement.*

If you do not wish to participate in the Settlement, you may exclude yourself from the class by mail or online. Your request for exclusion must (1) clearly state that you exclude yourself from this Settlement, (2) include your name and address, (3) state your telephone number that received a call, text or voicemail message from Defendant, (4) be signed by you, (5) be postmarked or submitted online by [DATE], 2017; and (6) be returned to the Settlement Administrator at the mailing address or website address above. *If you timely request to be excluded from the Settlement, you will not be entitled to receive any settlement payment, you cannot object to the Settlement, and Class Counsel will not represent your interests.*

If you wish to object to the Settlement, you must file a written objection with the Court at the Clerk's Office for the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401. Your objection must be postmarked no later than [DATE], 2017. Your written objection must refer to the name and number of this case, and it must state: (1) your name and address; (2) your telephone number that received a call, text or voicemail message from Defendant; (3) the bases for the objection with any supporting legal arguments, documents, or evidence to the extent intended to be submitted to the Court; and (4) whether you intend to appear at the Final Approval Hearing, either in person or though counsel at your own expense. You have the right to retain your own attorney, at your own expense, to submit an objection or appear on your behalf at the Final Approval Hearing. *Submitting an objection will not exclude you from the Settlement Class, and you will still have the right to receive either a Voucher Award or a Cash Award.*

If you do not opt out, or if you do nothing, you will remain a Settlement Class Member. You will be bound by the judgment against Defendant and you will release your claims against Defendant about the calls, texts, and voicemail messages sent by or on behalf of Defendant, but you will receive nothing.

## WHEN WILL THE COURT DECIDE WHETHER TO APPROVE
## THE PROPOSED SETTLEMENT?

The Court will hold a Final Approval Hearing to determine whether the Settlement is fair, reasonable and adequate. The Final Approval Hearing will be held on [DATE], 2017 at [TIME] at in Room 257 at the United States District Court for the Southern District of Florida, Paul G. Rogers Federal Building and U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida 33401. You may, but do not have to, attend the hearing. The time and place of the hearing are subject to change by the Court. Please visit [WEBSITE] for updated information.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the Settlement. More details about the Settlement Agreement, along with other documents relating to this case, can be obtained at [WEBSITE]. If you have any questions, you can also contact the Settlement Administrator at [ADDRESS/NUMBER].

*For more information, visit [WEBSITE] or call [NUMBER].*

# EXHIBIT 3
## to
## Settlement
## Agreement

TT of Pine Ridge, Inc.
c/o [Settlement Administrator]
Address
City, ST ZIP

POSTAGE

**If you received a non-emergency call, text, or voicemail message from or on behalf of TT of Pine Ridge, Inc. (d/b/a Naples Nissan) through the use of an automatic telephone dialing system or an artificial or prerecorded voice, between January 9, 2013 and [date of preliminary approval order], you may be entitled to either a credit voucher or a cash payment from a class action settlement.**

Class Member Name
Address
City, ST ZIP

A proposed class action settlement has been reached in *Toni Mahoney v. TT of Pine Ridge, Inc.*, Case No. 17-80029-CV-DMM (S.D. Fla.). Plaintiff alleged that TT of Pine Ridge, Inc. (d/b/a Naples Nissan) ("Defendant") violated the federal Telephone Consumer Protection Act ("TCPA") by making unsolicited calls through the use of an automatic telephone dialing system or an artificial or prerecorded voice. Defendant denies Plaintiff's allegations, and the Court has not decided in favor of either party. The parties have agreed to settle to avoid the uncertainties and costs of litigation and trial.

### Who Is Included in the Settlement?

You may be a class member if you received a non-emergency call, text, or voicemail message from or on behalf of Defendant through the use of an automatic telephone dialing system or an artificial or prerecorded voice between January 9, 2013 and [date of preliminary approval order].

### What Does the Settlement Provide?

Defendant has agreed to make available up to $5,700,000 in credit vouchers and up to $1,520,000 in cash to pay class members who submit a valid and timely Claim Form. In addition, Defendant has agreed to pay the costs of administering class notice, an incentive award to Plaintiff for serving as the Class Representative of up to $15,000, and attorneys' fees and expenses of up to $520,000. If the Court approves the Settlement, and you submit a timely and valid Claim Form and do not request to be excluded from the class, you will be entitled to receive either a $15.00 credit voucher that can be used at Defendant's dealership for any service or merchandise, or a $4.00 check, as you choose on the Claim Form.

### What Are My Options?

You may exclude yourself from the Settlement. If you do, you will not receive a payment, but you will keep your right to sue regarding these claims. You must exclude yourself by [DATE], 2017. You also have the right to stay in the Settlement and object to any part that you do not agree with. You must send your objection to the Court by [DATE], 2017. For more information on how to exclude yourself or object, visit [WEBSITE] or call [NUMBER]. If you do nothing, you will remain in the Settlement. You will be bound by the decision of the Court and will give up your rights to sue about these claims, but you will receive nothing.

149643.00601/105800699v.1

The Court will hold a final hearing on [DATE], 2017 to determine whether to approve the Settlement and any fees or awards. You may appear at this hearing, but you don't have to.

This is only a summary. For more information, including the detailed notice that explains the terms of the settlement, frequently asked questions, select court documents, and how to file a claim, please visit [WEBSITE] or call [NUMBER].

149643.00601/105800699v.1

# EXHIBIT 4
## to
## Settlement
## Agreement

A proposed settlement has been reached in a class action lawsuit involving calls, texts, or voicemail messages sent by or on behalf of TT of Pine Ridge, Inc. (d/b/a Naples Nissan) ("Defendant").  The case is *Tom Mahoney v. TT of Pine Ridge, Inc.*, Case No. 17-80029-CV-DMM.  Plaintiff alleged that Defendant violated the federal Telephone Consumer Protection Act ("TCPA").  Defendant denies Plaintiff's allegations, and the Court has not decided in favor of either party.  The parties have agreed to settle to avoid the uncertainties and costs of litigation and trial.  All persons or legal entities in the United States who received a non-emergency call, text, or voicemail message from or on behalf of Defendant through the use of an automatic telephone dialing system or an artificial or prerecorded voice, between January 9, 2013 and [date of preliminary approval order], are members of the Settlement Class.  A hearing will be held at [TIME] on [DAY], 2017 in Room 257 at the United States District Court for the Southern District of Florida, 701 Clematis Street, West Palm Beach, Florida 33401.  If the Court approves the settlement, only those Settlement Class Members who submit a valid and timely Claim Form will be entitled to receive either a $15.00 credit voucher that can be used at Defendant's dealership for any service or merchandise, or a check for $4.00, as chosen on the Claim Form.  If you do not wish to participate in the Settlement, you may exclude yourself from the class by mail or online.  If you wish to object to the Settlement, you must file a written objection with the Court.  If you do nothing, you will remain a Settlement Class Member and you will release your claims against Defendant, but you will receive nothing.  More information, including the deadlines for submitting Claim Forms, requests for exclusions and objections, and copies of the Settlement Agreement, Claim Form, a detailed Notice, and other important Court documents can be found at [WEBSITE].

# EXHIBIT 5
# to
# Settlement
# Agreement

**PROOF OF CLAIM**
**Tom Mahoney v. TT of Pine Ridge, Inc., Case No. Case No. 17-80029-CV-DMM**

*You Must Complete All **FOUR** Sections to Claim a Payment*

1. **You Must Provide Your Contact Information.**

   Name: _____

   Address: _____

   City/State/Zip Code: _____

   Cellular Telephone Number(s): _____
                        [List all numbers.  You may attached a separate sheet.]

2. **You Must Verify Ownership of the Cellular Telephone Number(s) Listed in #1 Above.**

   "Under penalty of perjury, I attest that the cellular telephone number(s) identified above or attached to this Proof of Claim was/were mine during the period January 9, 2013 to the [date of preliminary approval order].

   _____
   (Sign your name here)

3. **You Must Choose Either a $15.00 Credit Voucher or a $4.00 Check.**

   Assuming the Settlement is finally approved, and this Proof of Claim is timely and valid, I elect to receive:

   ___ A $15.00 credit voucher that can be used at Defendant's dealership for any service or merchandise.  The credit voucher shall expire within one year of the date of issuance, shall be freely transferable, will be good on all services or merchandise (including sale, discount, or promotional pricing), and will require no minimum purchase.  The credit voucher is not redeemable for cash.

   ___ A $4.00 check.  The check will expire and become null and void unless cashed within 180 days after the date of issuance.

4. **You Must Return this Claim Form by  _____, 2017:**

   a.  Mail this Claim Form to:  [[CLAIMS ADMINISTRATOR]]

       ***OR***

   b.  Submit this Claim Form electronically at [[SETTLEMENT WEBSITE]]

# EXHIBIT 6
# to
# Settlement
# Agreement

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-80029-CV-MIDDLEBROOKS/BRANNON**

Tom Mahoney, individually and on
behalf of a class,

                Plaintiff,

v.

                                         Class Action

TT of Pine Ridge, Inc.,

                Defendant.

_____/

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS**
**ACTION SETTLEMENT AGREEMENT**

      This matter, having come before the Court upon Plaintiff Tom Mahoney's

("Plaintiff" or "Mahoney"), Unopposed Motion for Preliminary Approval of Class Action

Settlement Agreement (the "Motion"), and the Court being fully advised in the premises,

and noting that Plaintiff and Defendant, TT of Pine Ridge, Inc. d/b/a Naples Nissan

("Defendant" or "Naples Nissan") (collectively, the "Parties") have entered into a Settlement

Agreement, which is attached to the Motion, and noting that Defendant is in agreement with

the request to preliminarily approve the settlement and does not oppose the Motion, it is

      **ORDERED AND ADJUDGED** as follows:

      1.      The Court finds, pursuant to Federal Rule of Civil Procedure 23(e), that the

settlement of this Action pursuant to the terms of the Settlement Agreement appears to be

fair, reasonable, adequate, and in the best interests of the Settlement Class, in light of the

factual, legal, practical, and procedural considerations raised in this Action.  Accordingly,

- 1 -

the Court preliminarily approves the proposed Settlement Agreement, which is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement).

2.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), by stipulation of the Parties, and for the purpose of settlement, the Court preliminarily certifies the following Settlement Class:

> All persons or legal entities in the United States who, during the Class Period, received a non-emergency call, text, or voicemail message from or on behalf of Naples Nissan through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

3.     The Court preliminarily finds that certification for purposes of settlement is proper because (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and his attorneys will fairly an adequately protect the interests of the Settlement Class; and (e) a class action is the superior means of resolving this Action.

4.     The Court preliminarily appoints Plaintiff as the representative of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a), and preliminarily appoints Plaintiff's attorneys Chris R. Miltenberger, of The Law Office of Chris R. Miltenberger, PLLC, and Brandon J. Hill, of Wenzel Fenton Cabassa, P.A.as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

5.     By this Order, the Court hereby approves the appointment of Epiq Systems to serve as the Settlement Administrator to administer the settlement, including by providing Class Notice, maintaining the Settlement Website, assisting Settlement Class Members in

completing and submitting Claim Forms, receiving such Claim Forms, and issuing cash awards or voucher awards to Approved Claimants.

6.      The Court finds that the Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Federal Rule of Civil Procedure 23(e)(1).  That plan is approved and adopted, and the Court orders that Class Notice be provided as described below.

7.      Class Notice informing members of the Settlement Class of their rights under the Settlement, and of their ability to elect not to participate, will be provided to all members of the Settlement Class.  For the purpose of disseminating Class Notice and administering the Settlement, within seven (7) days after entry of this Preliminary Approval Order, Defendant will provide the Settlement Administrator the Class List, including, to the extent available, names, cellular telephone numbers, email addresses, and mailing addresses, from Defendant's records.  To the extent that a mailing address is not provided for a member of the Settlement Class, the Settlement Administrator shall perform a reverse append on the cellular telephone number(s) provided for that member of the Settlement Class in an attempt to obtain a valid mailing address.

Within twenty-one (21) days after entry of this Preliminary Approval Order, the Settlement Administrator will email the Email Notice and Claim Form (substantially in the forms attached as Exhibits 2 and 5 to the Settlement Agreement) to all members of the Settlement Class for whom an email address was provided.  The Email Notice and Claim Form will be sent together in a single email.  Otherwise, a link to the online Claim Form may be provided in the Email Notice.

- 3 -

Where an email address is not available for a member of the Settlement Class, then, within twenty-one (21) days after entry of this Preliminary Approval Order, the Settlement Administrator will mail the Mail Notice (substantially in the form attached as Exhibit 3 to the Settlement Agreement), via first-class regular U.S. Mail, to all members of the Settlement Class for whom a mailing address was provided or else determined via a single reverse append process.  The Settlement Administrator will attempt to send the Mail Notice as a postcard or as most economically feasible.

In addition, within twenty-one (21) days after entry of this Preliminary Approval Order, the Settlement Administrator will publish notice of the Settlement (substantially in the form attached as Exhibit 4 to the Settlement Agreement) in at least one newspaper of general circulation in the Naples, Florida region.

The Settlement Administrator will create and maintain a Settlement Website, containing the Long Form Notice (substantially in the form of Exhibit 1 to the Settlement Agreement), Claim Form (substantially in the form of Exhibit 5 to the Settlement Agreement), and certain Court documents, including the Complaint, the Settlement Agreement, and the Court's Preliminary Approval Order.  The Settlement Website shall be maintained until the Effective Date.

The Court finds and orders that no other Class Notice is necessary.

8.     All proceedings in the Action are hereby stayed, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement.  Pending determination of whether the Settlement Agreement should be granted final approval in accordance with the Final Approval Order and Judgment, the Parties in the

- 4 -

Action shall not pursue any claims or defenses otherwise available to them, and no one in the Settlement Class, and no one acting or purporting to act directly or derivatively on behalf of anyone in the Settlement Class, or acting on a representative basis or in any other capacity on behalf of anyone in the Settlement Class, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

9.      The Court hereby sets the following deadlines and dates for the acts and events contemplated in the Settlement Agreement, and directs the Parties to incorporate those deadlines and dates in the Class Notice and the Settlement Website, as may be necessary:

| Act/Event | Deadline/Date |
| --- | --- |
| Defendant shall file notice of compliance with 28 U.S.C. § 1715(b) | Fourteen (14) days following filing of the Preliminary Approval Motion |
| Claim/Opt-Out/Objection Deadlines | Sixty (60) days following the Initial Notice Date |
| Motion for Entry of Final Approval Order and Judgment | Seven (7) days prior to Final Approval Hearing |
| Fee and Cost Application | Fourteen (14) days prior to Final Approval Hearing |
| Settlement Administrator's Declaration Regarding Compliance with Class Notice | Fourteen (14) days prior to Final Approval Hearing |
| Final Approval Hearing | _____, 2017 (at least thirty (30) days following claim/opt-out/objection deadlines) |

**DONE AND ORDERED**, on this _____ day of _____, 2017.

149643.00601/105796452v.2

By: _____
      HON. DONALD M. MIDDLEBROOKS
      UNITED STATES DISTRICT JUDGE

149643.00601/105796452v.2