UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-80029-CIV-MIDDLEBROOKS

TOM MAHONEY,

    Plaintiff,

v.

TT OF PINE RIDGE, INC.,

    Defendant.

_____/

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT

This matter, having come before the Court upon Plaintiff Tom Mahoney's ("Plaintiff" or "Mahoney"), Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement (the "Motion"), filed on June 9, 2017. (DE 52). The Court being fully advised in the premises, and noting that Plaintiff and Defendant, TT of Pine Ridge, Inc. d/b/a Naples Nissan ("Defendant" or "Naples Nissan") (collectively, the "Parties") have entered into a Settlement Agreement, which is attached to the Motion, and noting that Defendant is in agreement with the request to preliminarily approve the settlement and does not oppose the Motion, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court finds, pursuant to Federal Rule of Civil Procedure 23(e), that the settlement of this Action pursuant to the terms of the Settlement Agreement appears to be fair, reasonable, adequate, and in the best interests of the Settlement Class, in light of the factual, legal, practical, and procedural considerations raised in this Action. Accordingly, the Court **PRELIMINARILY APPROVES** the proposed Settlement Agreement, which is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement).

2.     Pursuant to Federal Rule of Civil Procedure 23(b)(3), by stipulation of the Parties, and for the purpose of settlement, the Court **PRELIMINARILY CERTIFIES** the following Settlement Class:

> All persons or legal entities in the United States who, during the Class Period, received a non-emergency call, text, or voicemail message from or on behalf of Naples Nissan through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

3.     The Court **PRELIMINARILY FINDS** that certification for purposes of settlement is proper because (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual members; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and his attorneys will fairly an adequately protect the interests of the Settlement Class; and (e) a class action is the superior means of resolving this Action.

4.     The Court **PRELIMINARILY APPOINTS Mahoney** as the **representative** of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a), and preliminarily appoints Plaintiff's attorneys **Chris R. Miltenberger**, of The Law Office of Chris R. Miltenberger, PLLC, and **Brandon J. Hill**, of Wenzel Fenton Cabassa, P.A. as **Class Counsel** pursuant to Federal Rule of Civil Procedure 23(g).

5.     By this Order, the Court hereby **APPROVES** the appointment of **Epiq Systems** to serve as the Settlement Administrator to administer the settlement, including by providing Class Notice, maintaining the Settlement Website, assisting Settlement Class Members in completing and submitting Claim Forms, receiving such Claim Forms, and issuing cash awards or voucher awards to Approved Claimants.

6. The Court finds that the Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Federal Rule of Civil Procedure 23(e)(1). That plan is approved and adopted, and the Court orders that Class Notice be provided as described below.

7. Class Notice informing members of the Settlement Class of their rights under the Settlement, and of their ability to elect not to participate, will be provided to all members of the Settlement Class. For the purpose of disseminating Class Notice and administering the Settlement, within seven (7) days after entry of this Preliminary Approval Order, Defendant will provide the Settlement Administrator the Class List, including, to the extent available, names, cellular telephone numbers, email addresses, and mailing addresses, from Defendant's records. To the extent that a mailing address is not provided for a member of the Settlement Class, the Settlement Administrator shall perform a reverse append on the cellular telephone number(s) provided for that member of the Settlement Class in an attempt to obtain a valid mailing address.

Within twenty-one (21) days after entry of this Preliminary Approval Order, the Settlement Administrator will email the Email Notice and Claim Form (substantially in the forms attached as Exhibits 2 and 5 to the Settlement Agreement) to all members of the Settlement Class for whom an email address was provided. The Email Notice and Claim Form will be sent together in a single email. Otherwise, a link to the online Claim Form may be provided in the Email Notice.

Where an email address is not available for a member of the Settlement Class, then, within twenty-one (21) days after entry of this Preliminary Approval Order, the Settlement Administrator will mail the Mail Notice (substantially in the form attached as Exhibit 3 to the Settlement Agreement), via first-class regular U.S. Mail, to all members of the Settlement Class

- 4 -

for whom a mailing address was provided or else determined via a single reverse append process. The Settlement Administrator will attempt to send the Mail Notice as a postcard or as most economically feasible.

In addition, within twenty-one (21) days after entry of this Preliminary Approval Order, the Settlement Administrator will publish notice of the Settlement (substantially in the form attached as Exhibit 4 to the Settlement Agreement) in at least one newspaper of general circulation in the Naples, Florida region.

The Settlement Administrator will create and maintain a Settlement Website, containing the Long Form Notice (substantially in the form of Exhibit 1 to the Settlement Agreement), Claim Form (substantially in the form of Exhibit 5 to the Settlement Agreement), and certain Court documents, including the Complaint, the Settlement Agreement, and the Court's Preliminary Approval Order. The Settlement Website shall be maintained until the Effective Date.

The Court finds and orders that no other Class Notice is necessary.

8. All proceedings in the Action are hereby **STAYED**, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement. Pending determination of whether the Settlement Agreement should be granted final approval in accordance with the Final Approval Order and Judgment, the Parties in the Action shall not pursue any claims or defenses otherwise available to them, and no one in the Settlement Class, and no one acting or purporting to act directly or derivatively on behalf of anyone in the Settlement Class, or acting on a representative basis or in any other capacity on behalf of anyone in the Settlement Class, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

- 5 -

9. The Court hereby sets the following deadlines and dates for the acts and events contemplated in the Settlement Agreement, and directs the Parties to incorporate those deadlines and dates in the Class Notice and the Settlement Website, as may be necessary:

| Act/Event | Deadline/Date |
| --- | --- |
| Defendant shall file notice of compliance with 28 U.S.C. § 1715(b) | Fourteen (14) days following filing of the Preliminary Approval Motion |
| Claim/Opt-Out/Objection Deadlines | Sixty (60) days following the Initial Notice Date |
| Motion for Entry of Final Approval Order and Judgment | Seven (7) days prior to Final Approval Hearing |
| Fee and Cost Application | Fourteen (14) days prior to Final Approval Hearing |
| Settlement Administrator's Declaration Regarding Compliance with Class Notice | Fourteen (14) days prior to Final Approval Hearing |
| Final Approval Hearing | November 1, 2017 |

**DONE AND ORDERED** in Chambers, at West Palm Beach, Florida, this 26 day of June, 2017.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE